# United States Court of Appeals
## For the First Circuit

No. 14-1901

UNITED STATES OF AMERICA,

Appellee,

v.

MARIO PERRETTA,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]


Before

Thompson, Selya and Barron,
Circuit Judges.


John T. Ouderkirk, Jr. on brief for appellant.
Peter F. Neronha, United States Attorney, and Donald C. Lockhart, Assistant United States Attorney, on brief for appellee.


October 9, 2015

**SELYA**, **Circuit Judge**. This sentencing appeal, brought by a convicted fraudster, rests on the premise that the district court focused single-mindedly on a particular sentencing factor — the grievous harm inflicted on the victims of the defendant's fraud — and imposed a substantively unreasonable sentence. Concluding, as we do, that this premise is insupportable, we summarily affirm.

We set the stage. Defendant-appellant Mario Perretta pled guilty, pursuant to a plea agreement, to a ten-count information charging him with various acts of wire fraud and tax evasion. See 18 U.S.C. § 1343; 26 U.S.C. § 7201. In connection with his plea, the defendant admitted that he convinced a plethora of individuals to invest a total of more than $4,000,000 by telling them that his construction firm had lucrative contracts and that its endeavors were fully insured (making investments risk-free). These tales were false in all material respects: both the contracts and the insurance were imaginary. To make matters worse, the defendant proceeded to spend the investors' money on personal frolics. When the investors inquired about overdue returns on their investments, the defendant spun an incremental web of further falsehoods. Nor were the investors his only victims: he failed to report large portions of his ill-gotten gains as taxable income.

The district court accepted the defendant's plea. The presentence investigation report (PSI Report) contained a detailed offense-facts statement and catalogued the losses suffered by 22

- 2 -

victims of the swindle. Due to the loss amount and the number of victims, the defendant's total offense level was 24. His extensive record of fraud-related offenses placed him in criminal history category IV. Thus, his guideline sentencing range (GSR) was 77-96 months. Finally, the PSI Report recommended restitution of approximately $4,200,000.

After a protracted hearing, the district court imposed a 96-month incarcerative sentence on the fraud counts,[1] along with an order for restitution of approximately $4,200,000. The defendant did not appeal but, roughly one year later, filed a petition for post-conviction relief under 28 U.S.C. § 2255.

The details of the defendant's section 2255 petition need not concern us. It suffices to say that the defendant's prior counsel had not properly advised him about his appellate rights. Consequently, the parties agreed that the court should grant the section 2255 petition, vacate the sentence, and conduct de novo resentencing. The district court acquiesced: it vacated the sentence and set the matter down for resentencing. See, e.g., United States v. Maldonado, 242 F.3d 1, 3-4 (1st Cir. 2001).

---

[1] By statute, the sentence on the tax-evasion counts was capped at 60 months. See 26 U.S.C. § 701. The court imposed that sentence and ran it concurrently with the longer sentence on the fraud counts. The defendant's appeal is addressed principally to the longer (96-month) sentence, and we make no further reference to the shorter (60-month) sentence.

The probation office issued a revised PSI Report that was substantially identical to the earlier version. Meanwhile, the defendant's new counsel filed a sentencing memorandum suggesting that he should receive a downwardly variant sentence of home confinement only, in part so that he could work to pay down his restitution obligations. Both the government and the victims opposed this suggestion.

The district court convened the resentencing hearing on August 21, 2014. The court confirmed that there were no material objections either to the PSI Report (save for a small dispute about the amount of restitution) or to the proposed GSR. Defense counsel renewed her importunings that the court vary downward to a sentence of home confinement. The district court disagreed. It explained that it had considered afresh all the old and new information, stated its reasons for rejecting the proposed variance, and reimposed the 96-month sentence. The court deferred the matter of restitution, and the defendant filed a timely notice of appeal.

On February 10, 2015, the district court held a final restitution hearing and ordered restitution in the amount of $4,009,398.72. The defendant has not appealed the restitution order.

As a general matter, "[a]ppellate review of federal criminal sentences is characterized by a frank recognition of the substantial discretion vested in a sentencing court." United

States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). "The review process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). Globally, both aspects of this review are for abuse of discretion. See Gall v. United States, 552 U.S. 38, 45-46 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).

With this foundation in place, we turn to the merits of the defendant's appeal.[2] As phrased, the defendant's claim is that his sentence is substantively unreasonable. We pause, however, to clarify a threshold matter.

The defendant reaches his conclusion that his sentence is substantively unreasonable by lambasting the district court for focusing too narrowly on the harm to his victims (to the exclusion of the other factors that the court was duty-bound to consider under 18 U.S.C. § 3553(a)). Arguably, this is a claim of procedural error, and we treat it as such. Because no such claim was preserved below, review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). Plain error review

---

[2] The defendant's plea agreement contained a comprehensive waiver-of-appeal provision that, by its terms, may foreclose the arguments advanced on this appeal. But the government has explicitly foresworn any reliance on this provision, and we treat the government's action as a waiver of the waiver.

"entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id.

In all events, this claim is groundless. The whole panoply of potentially relevant sentencing factors — both aggravating and mitigating — was squarely before the district court at sentencing. The court repeatedly stated that it had considered all the section 3553(a) factors. These statements are "entitled to some weight." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010). There is simply no reason to think that the court relied on the harm to victims to the exclusion of other relevant considerations.[3]

To sum up, we recognize that a sentencing court has a duty to "consider all relevant section 3553(a) factors." Clogston, 662 F.3d at 592. However, "it need not do so mechanically." Id. (quoting United States v. Vargas-Dávila, 649 F.3d 129, 131 (1st Cir. 2011)); see United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006) (explaining that a sentencing court need not "address

---

[3] This is especially true since the court's references at resentencing to the harm to victims were made primarily in the course of explaining why it would not sentence the defendant to home confinement. Seen in this light, the defendant's current attack on the court's focus illustrates the wisdom of the venerable adage that no good deed goes unpunished.

[the section 3553(a)] factors, one by one, in some sort of rote incantation when explicating its sentencing decision"). Mindful of these authorities, we discern no plain error either in the sentencing court's emphasis on the harm to the victims of the fraud or in its failure to acknowledge individually other relevant section 3553(a) factors.

This brings us to the main thrust of the defendant's appeal: his claim that his sentence is substantively unreasonable. In the posture of this case, we assume, favorably to the defendant, that our review is for abuse of discretion. See, e.g., United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015); United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015), cert. denied, ___ S. Ct. ___ (U.S. Oct. 5, 2015).

When measuring the substantive reasonableness of a sentence under the abuse of discretion standard, a court must pay heed to the totality of the circumstances. See Martin, 520 F.3d at 92. In determining whether a particular sentence is substantively reasonable, we look to the plausibility of the district court's sentencing rationale and the defensibility of the result. See United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015); Martin, 520 F.3d at 96.

Challenging the substantive reasonableness of a sentence is a formidable task, made more burdensome where, as here, the challenged sentence is within a properly calculated GSR. See

Clogston, 662 F.3d at 592-93. In order to accomplish that task, a defendant "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing the pros and cons." Id. at 593 (internal quotation marks omitted).

We need not linger long. The district court's rationale is apparent: the defendant perpetrated a massive and especially deplorable fraud, orchestrating what the court aptly called an "incredible human tragedy." That fraud involved duping people of modest means into investments that were likely to lead to their financial ruin. Such unbridled greed, in the court's view, warranted a high-end guideline sentence.

Contrary to the defendant's suggestion, the court did not focus single-mindedly on the harm to the victims of the fraud. Rather, the resentencing transcript makes manifest that the court considered all sides of the matter, viewing the circumstances "from the victims' perspective, from the government's perspective, [and] from [the defendant's] perspective." Given the stark facts reflected in the record, we cannot say that the court's rationale is implausible.

So, too, the duration of the sentence is easily defensible. We have explained before that in any individual case, "[t]here is no one reasonable sentence . . . but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592. In determining whether a particular sentence falls within

this wide universe, substantial respect to the sentencing court's discretion is appropriate. See Gall, 552 U.S. at 51; Clogston, 662 F.3d at 593. "Fidelity to this deferential standard requires that a challenge based on substantive reasonableness must comprise more than a thinly disguised attempt by the defendant 'to substitute his judgment for that of the sentencing court.'" Vargas-García, 794 F.3d at 167 (quoting Clogston, 662 F.3d at 593).

In the case at hand, the sentence imposed is at the top of — but within — a properly calculated GSR. The defendant committed a brazen fraud over a significant time span; and that fraud, which bilked 22 victims out of a total of more than $4,000,000, was driven by unadulterated greed. The resentencing transcript shows that the district court weighed the section 3553(a) factors, see text infra, and the weighting of those factors is "largely within the court's informed discretion." Clogston, 662 F.3d at 593. The court's reasoned explanation of the need to punish and the need for deterrence, coupled with the reprehensible nature of the offenses of conviction, enable us to conclude, without serious question, that the 96-month sentence falls within the universe of reasonable sentences.

We need go no further.[4]  For the reasons elucidated above, the defendant's sentence is summarily

**Affirmed.**  <u>See</u> 1st Cir. R. 27.0(c).

---

[4] The defendant makes a conclusory assertion that his due process rights were violated because the judge's "opinion about the defendant's need for punishment" was a fact that was not submitted to the jury and proved beyond a reasonable doubt.  This argument is triply flawed: it was not raised below, it has not been developed on appeal, and it is patently without merit.