Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1046

UNITED STATES OF AMERICA,

Appellee,

v.

JEFFREY BRUNS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Stahl, Circuit Judges.

Sarah A. Churchill and Nichols & Webb, P.A. on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Renée M. Bunker, Assistant United States Attorney, on brief for appellee.

November 13, 2015

**Per curiam.** This is a single-issue sentencing appeal. In it, defendant-appellant Jeffrey Bruns calumnizes his 18-month incarcerative sentence as substantively unreasonable. Concluding, as we do, that this claim of sentencing error is unfounded, we summarily affirm.

Although the government argues that the issue now being raised was forfeited, we need not decide that question. See, e.g., United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015); United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015). Rather, we assume, favorably to the appellant, that our review of the appellant's claim of substantive reasonableness is for abuse of discretion. See Gall v. United States, 552 U.S. 38, 45-46 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). In conducting this review, our assessment is to be informed by the totality of the circumstances. See Martin, 520 F.3d at 92.

Given the broad discretion afforded to sentencing courts, a defendant who challenges his sentence as substantively unreasonable normally faces an uphill climb. See United States v. Perretta, ___ F.3d ___, ___ (1st Cir. 2015) [No. 14-1901, slip op. at 7]. That climb is even steeper where, as here, the challenged sentence falls within a properly calculated guideline range. See id.; United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011). The appellant's efforts to make the necessary climb are unsuccessful.

The hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result. See United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015). In this case, the district court reasoned that the totality of the circumstances, especially the appellant's lengthy criminal record and his persistent violation of bail conditions, argued persuasively against a downward variance from the guideline range. Having read the record with care, we find that rationale to be eminently plausible.

By the same token, the length of the sentence is easily defensible. As we have said before, "[t]here is no one reasonable sentence . . . but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592. "In determining whether a particular sentence falls within this wide universe, substantial respect to the sentencing court's discretion is appropriate." Perretta, ___ F.3d at ___ [slip op. at 8-9].

Here, the challenged sentence is at the nadir of a properly calculated guideline range. Moreover, the totality of the circumstances offers no compelling reason to think that the 18-month sentence meted out by the district court falls beyond the universe of reasonable sentences. The offense of conviction is a serious one, and the district court reasonably deemed the appellant to be a full participant in it (that is, a coconspirator not entitled to a mitigating role adjustment).

We need go no further.  Because we discern no hint of any abuse of discretion, the appellant's sentence is summarily

**Affirmed.**  <u>See</u> 1st Cir. R. 27.0(c).