# United States Court of Appeals
## For the First Circuit

Nos. 15-1233, 15-1235

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN MILÁN-RODRÍGUEZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Barron, Circuit Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

Elizabeth Billowitz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, and Francisco A. Besosa-Martínez, Assistant United
States Attorney, on brief for appellee.

April 22, 2016

* Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**BARRON**, **Circuit Judge**. Jonathan Milán-Rodríguez ("Milán") challenges his two, concurrent 168-month prison sentences for his convictions on one count of conspiring to distribute cocaine and one count of possessing a firearm while being an unlawful user of a controlled substance. We affirm the sentence for the drug conspiracy count, but we vacate the sentence for the firearm count because it exceeds the statutory maximum penalty for that count.

## I.

The initial indictment in this case charged Milán with one count of conspiring with forty-three other defendants to possess with intent to distribute a variety of controlled substances in a number of Puerto Rico locations, including near an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. That count of the indictment specifically noted that "some of the defendants would refer to Milán as the owner of the heroin." Milán was also charged, in a separate count of the indictment, with one count of conspiring with a large subset of the other defendants to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c), (o).

Authorities arrested Milán on August 6, 2014, after Puerto Rico police officers responded to a tip about drug trafficking activities and gunshots near a residence in Puerto Nuevo, Puerto Rico. Officers saw Milán near the residence and saw

him carrying a firearm. They then entered the residence (after receiving written consent from the homeowner) and found marijuana, cocaine, a loaded firearm, and extra ammunition. Milán later confessed that he was the sole owner of the items found at the residence. He was then charged, in a separate indictment, with possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

On October 15, 2014, Milán and the government signed a plea agreement. Under the agreement, Milán pleaded guilty to the drug conspiracy count charged in the first indictment and the firearm count charged in the second indictment. He did not plead guilty to the firearm count charged in the first indictment.[1]

In the plea agreement, Milán admitted that, from at least 2000 through 2012, he conspired with the other charged defendants to possess with intent to distribute heroin, cocaine, cocaine base, and marijuana within 1000 feet of a school in Puerto Rico. Milán also acknowledged in the plea agreement that he acted as a "manager and owner" of one of the heroin "brands" sold by the drug-trafficking organization. Milán further admitted that he "possessed firearms to protect the drug trafficking activities."

The plea agreement also contained a stipulation as to drug weight. Milán admitted that he conspired to possess with

---

[1] That count was then dismissed at Milán's sentencing hearing.

intent to distribute "at least five (5.0) but less than fifteen (15.0) kilograms of cocaine." Milán did not admit, however, to conspiring to possess with intent to distribute any specific amount of the other drugs that he admitted were involved in the conspiracy. And so the calculation of the base offense level (and thus the recommended sentencing range under the United States Sentencing Guidelines) in the plea agreement was based on only the amount of cocaine to which Milán admitted conspiring to possess with intent to distribute.

The plea agreement also contained a waiver-of-appeal provision. We thus begin by addressing whether that provision bars us from considering the merits of Milán's challenges.[2]

## II.

The government, quite understandably, does not argue that the appeal waiver bars Milán from appealing his sentence on the firearm count. The waiver-of-appeal provision in the plea agreement reads: "The defendant knowingly and voluntarily waives his right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation

---

[2] Because Milán was charged in two separate indictments, there were technically two separate "cases" against him below. Milán then pleaded guilty to counts from both cases pursuant to the same plea agreement. On January 15, 2015, the District Court sentenced him on both of those counts at once. Milán then filed a notice of appeal in each case on February 2, 2015.

- 4 -

provisions of this Plea Agreement." The Sentence Recommendation provision for the firearm count reads: "[T]he parties agree to recommend that the defendant be sentenced to serve a term of imprisonment within the applicable guideline range, at a total offense level of 12." The sentence that the District Court imposed on the firearm count was 168 months of imprisonment and thus well above the guideline range of 10-16 months that applies to a defendant with an offense level of 12 who, like Milán, has a criminal history category of I.

The government does argue, however, that the appeal waiver bars consideration of Milán's challenges to the sentence on the drug conspiracy conviction. Milán does not counter that the District Court's failure to impose a sentence on the firearm conviction "in accordance with the terms and conditions" of the plea agreement makes the appeal waiver as a whole "a dead letter." See United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014) (considering an appeal waiver with similar language and determining that because the District Court did not sentence the defendant "in accordance with the terms and conditions" of the plea agreement with respect to two of three counts, "the waiver-of-appeal clause d[id] not pretermit appellate review"). Milán instead makes the more limited argument that the District Court did not sentence him "in accordance with the terms and conditions"

set out in the Sentence Recommendation provision for the drug conspiracy count. We agree with Milán on this point.

The Sentence Recommendation provision for the drug conspiracy count reads: "[T]he parties agree to recommend to the Court that the defendant be sentenced to serve a term of imprisonment at the lower end of the applicable guideline range, at a total offense level of 35. That is, to 168 months if [Milán's criminal history category] is 1." The government emphasizes that Milán did receive the exact sentence mentioned in the Sentence Recommendation provision: 168 months.

But after Milán signed the plea agreement and before he was sentenced, the sentencing guidelines changed. The change reduced the total offense level for the drug conspiracy count from 35 to 33 and thereby reduced the guidelines range that applied to Milan from 168 to 210 months of imprisonment to 135 to 168 months of imprisonment. United States Sentencing Commission, Guideline Manual, Sentencing Table (Nov. 2014). The change thus exposed a latent ambiguity in the appeal waiver. Was a sentence "in accordance with the terms and conditions of the plea agreement" one for a term of imprisonment of 168 months, which was "at the lower end" of the old but no-longer-applicable guidelines range, or one for a term of imprisonment of 135 months, which was "at the lower end" of the new and now-applicable guideline range? Because our precedent is clear that "any ambiguities should be resolved in

favor of allowing the appeal to proceed," <u>United States</u> v. <u>Fernández-Cabrera</u>, 625 F.3d 48, 51 (1st Cir. 2010), the appeal waiver does not bar us from considering Milán's challenges to his sentence for the drug conspiracy conviction.[3]

## III.

Milán contends that the 168-month sentence he received on the drug conspiracy conviction was both procedurally and substantively unreasonable. It is not clear from the record that Milán raised below the challenges that he now raises, but the government does not ask us to review only for plain error. We thus review the reasonableness of Milán's sentence for the drug conspiracy conviction for abuse of discretion. <u>See</u> <u>United States</u> v. <u>Perretta</u>, 804 F.3d 53, 56-57 (1st Cir. 2015); <u>United States</u> v. <u>Encarnación-Ruiz</u>, 787 F.3d 581, 586 (1st Cir. 2015).

## A.

Milán argues that the District Court committed procedural error in two ways. He contends first that the District Court failed to give due consideration to the sentencing factors set out at 18 U.S.C. § 3553(a). He also contends that the District Court emphasized factors that should not have been considered at all. Those improper factors, according to Milán, were the judge's

---

[3] This conclusion makes it unnecessary for us to consider Milán's alternative argument: that the District Court did not make clear at Milán's change-of-plea hearing that Milán was waiving his right to appeal in pleading guilty pursuant to the plea agreement.

false perception that Milán was attempting to conceal Milán's criminal history and the judge's personal frustration with what the judge perceived to be the leniency of the Puerto Rico criminal justice system.

We first reject Milán's argument that the District Court failed to consider the § 3553(a) factors. The District Court was not required to "dissect every [such] factor . . . 'one by one, in some sort of rote incantation, when explicating its sentencing decision.'" United States v. Rivera-Clemente, 813 F.3d 43, 51 (1st Cir. 2016) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir.2006)). The District Court made express its consideration of "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense." See 18 U.S.C. §§ 3553(a)(1), (2). Our review of the record satisfies us that the District Court gave due consideration to the § 3553(a) factors in imposing a sentence at the top of the applicable guideline range. See Rivera-Clemente, 813 F.3d at 51.

We also disagree with Milán's contention that the District Court improperly based its sentence on an erroneous perception that Milán had attempted to conceal his criminal history from the District Court. The District Court did comment on the fact that Milán, on the advice of counsel, declined to provide probation with any information about his criminal history. The

- 8 -

District Court did also state that Milán had "give[n] the impression," during his allocution, that "this [wa]s the first brush he ha[d] with the law." But the District Court made clear that Milán had a right to withhold information about his criminal history and that the District Court was not "taking [tha]t against [Milán]."

Finally, our precedent forecloses Milán's final challenge, which targets the District Court's statements at sentencing expressing frustration with the Puerto Rico court system. Milán relies on our statement in United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013), that the "perceived . . . habitual leniency of the local courts . . . is not, in and of itself, a relevant sentencing factor." But we explained in Flores-Machicote that the District Court did not rely on such a perception given "the district judge's focus on the defendant's criminal history." Id. at 22. That focus, we concluded, "unmistakably show[ed] that the judge gave individualized attention to the defendant's situation." Id. at 22.

So, too, here. The District Court -- as in Flores-Machicote -- went through each of Milán's encounters with the justice system in detail before imposing the sentence. Moreover, in Flores-Machicote the District Court relied on the prior arrests to explain why it imposed a sentence that varied upwards from the

guidelines range, while here it is not at all clear that the District Court based its within-range sentence on anything other than the extensive nature of the drug conspiracy, Milán's substantial role in it, and the very favorable stipulation as to drug quantity that he received. Finally, Milán makes no developed argument that, to the extent that the District Court did base the sentence on an individualized assessment of Milán's prior encounters with law enforcement, the District Court erred in doing so. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

**B.**

We also reject Milan's contention that, even though his 168-month prison sentence was within the range specified by the guidelines, that sentence was nonetheless substantively unreasonable. "A sentence is substantively reasonable so long as it rests on a plausible sentencing rationale and exemplifies a defensible result." United States v. Fernández-Garay, 788 F.3d 1, 6 (1st Cir. 2015) (internal quotation marks omitted).

Milán argues that the District Court should have given more weight to Milán's "disadvantaged background" and the "ample evidence of his non-violent role in the conspiracy." [Blue Br. 27]. But the fact "[t]hat the court chose to attach less significance to certain mitigating circumstances than [Milán]

- 10 -

thinks they deserved does not make his sentence substantively unreasonable." United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012). Milán admitted in the plea agreement to acting as the "manager and owner" of heroin sold by the large-scale drug-distribution conspiracy in which he participated, and that the conspiracy operated for at least twelve years. In this case, therefore, the decision to emphasize those aggravating circumstances was properly a "judgment call" for the District Court to make. United States v. Madera-Ortiz, 637 F.3d 26, 32 (1st Cir. 2011). We thus affirm the District Court's sentence on the drug conspiracy count.

## IV.

We now turn to the sentence for the firearm count. The applicable statute, 18 U.S.C. § 924(a)(2), establishes a ten-year maximum prison sentence for anyone convicted of possessing a firearm while being an unlawful user of a controlled substance. The District Court sentenced Milán to a 168-month -- or fourteen-year prison term for his conviction for that crime. For that reason, as both parties recognize, we must vacate the sentence for the firearm count. See United States v. Vázquez-Larrauri, 778 F.3d 276, 293 (1st Cir. 2015); United States v. García-Ortiz, 528 F.3d 74, 85 (1st Cir. 2008).

The government, however, asks us to direct the District Court to impose the statutory-maximum sentence of 120 months'

- 11 -

imprisonment on remand. The government does so despite having previously agreed in the plea agreement to recommend a sentence "within the applicable guideline range, at a total offense level of 12." The guideline range at that offense level for a defendant in Milán's criminal history category, both at the time of the plea agreement and now, is 10-16 months' imprisonment. U.S.S.G. ch. 5 pt. A.[4]

We have at times directed the imposition of a statutory-maximum sentence on remand where the District Court originally imposed a sentence above that maximum. E.g., Vázquez-Larrauri, 778 F.3d at 293; United States v. Almonte-Nuñez, 771 F.3d 84, 92 (1st Cir. 2014). Here, however, the sentencing transcript indicates that neither the government nor Milán ever communicated the specific recommendation as to the firearm sentence to the District Court during the sentencing hearing. Instead, the government simply recommended 168 months as to the drug conspiracy count and then noted its recommendation that the two sentences be served concurrently. Thus, we reject the government's request to direct a sentence at the statutory maximum on remand. We instead remand for the District Court to impose an "appropriate sentence" accompanied by an "adequate[] expla[nation]." Gall v. United States, 552 U.S. at 50; see García-Ortiz, 528 F.3d at 85.

---

[4] The plea agreement itself reflects this calculation of the appropriate guideline sentencing range.

**V.**

For the foregoing reasons, we **vacate** Milán's sentence for possessing a firearm while being an unlawful user of a controlled substance and remand for resentencing on that conviction.  Otherwise, we **affirm**.

**So Ordered.**