**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2073

UNITED STATES,

Appellee,

v.

ANTONIO RAMOS-ACEVEDO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Peter J. Cyr and Law Offices of Peter J. Cyr on brief for appellant.

Susan Jorgensen, Assistant United States Attorney, Nelson Pérez Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

June 14, 2016

**Per curiam.** Antonio Ramos-Acevedo ("Ramos") pled guilty to possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). He appeals his 71-month prison sentence as substantively unreasonable. The government makes a good argument that Ramos waived appellate review of his sentence by his litigation conduct. In any event, the imposed sentence was reasonable. Accordingly, we affirm.

Although Ramos and the government bargained for a potentially lower sentence, at his sentencing hearing Ramos repeatedly agreed to the sentence that the judge ultimately imposed. Ordinarily, "[a] party waives a right when he intentionally relinquishes or abandons it." United States v. Sánchez-Berríos, 424 F.3d 65, 74 (1st Cir. 2005) (internal quotation marks and citation omitted). A party may waive a right by affirmatively agreeing with a judge's proposed course of action. See United States v. DeLeon, 704 F.3d 189, 193 (1st Cir. 2013); United States v. Sweeney, 606 F. App'x 588, 591 (1st Cir. 2015) (unpublished).

At sentencing, the district court contemplated applying a four-level sentencing enhancement, based on the circumstance that the firearm possessed by Ramos had an obliterated serial number. See U.S.S.G. § 2K2.1(b)(4). That enhancement would have raised Ramos's offense level to 25, and his guidelines sentencing

range to 70-87 months. However, after considering defense counsel's allocution about the possession (counsel asserted that Ramos had found the weapon on a beach, in a rusty condition, suggesting that the serial number had been obliterated previously), as well as mitigating factors relating to Ramos's background and health, the court applied only a two-level enhancement. This resulted in an offense level of 23 and a sentencing range of 57-71 months. The court imposed a sentence of 71 months.

The judge explained how he had arrived at the sentence, and Ramos's counsel thanked the court repeatedly for its "generosity" and acknowledged that the court acted "within [its] discretion." The judge also expressly asked Ramos whether the 71-month sentence was acceptable to him, specifically noting that he was imposing a sentence at the high end of the guidelines range, to which Ramos replied "yes." Having repeatedly assented to the sentence before the district judge, Ramos is hard-pressed to now reverse course and claim that the sentence is unreasonable.

Even reviewing for substantive reasonableness under an abuse of discretion standard, see United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015), we uphold the sentence. "Challenging the substantive reasonableness of a sentence is a formidable task, made more

- 3 -

burdensome where, as here, the challenged sentence is within a properly calculated GSR." United States v. Perretta, 804 F.3d 53, 58 (1st Cir. 2015). To prevail, "a defendant must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing the pros and cons." Id. (internal quotation marks omitted). We give substantial deference to the sentencing court's exercise of discretion, and will uphold a sentence so long as the district court's rationale is plausible and its result is defensible. See id. at 57-58.

Given the severity of the offense and Ramos's significant criminal history -- including two prior convictions for aggravated assault and a conviction for possessing a bladed weapon -- the district court acted within its discretion. Ramos contends that the court failed to adequately weigh mitigating factors relating to the firearm, his background and health, and his acceptance of responsibility. Not so. As noted above, due to the mitigating factors relating to the firearm possession and Ramos's background and health, the court applied only a two-level, rather than the usual four-level, enhancement for the obliterated serial number. It also applied a three-level reduction for Ramos's acceptance of responsibility.

Ramos further contends that the sentence was unreasonable because it exceeded what the government had

recommended.  As Ramos was informed in his plea agreement, however, the district court "was not bound by the jointly recommended sentence."  United States v. Reverol-Rivera, 778 F.3d 363, 367 (1st Cir. 2015).

In sum, the district court's rationale was plausible and its result falls well within the "universe of reasonable sentences."  Perretta, 804 F.3d at 58.  Ramos has not offered "fairly powerful mitigating reasons" that convince us to the contrary.  Id.  Accordingly, the sentence is **AFFIRMED**.