# United States Court of Appeals
## For the First Circuit

No. 17-1726

UNITED STATES OF AMERICA,

Appellee,

v.

VICTOR M. MANGUAL-ROSADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Luis A. Guzmán Dupont on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and B. Kathryn Debrason, Assistant United
States Attorney, on brief for appellee.

October 26, 2018

**BARRON**, <u>Circuit Judge</u>.    Victor  M.  Mangual-Rosado ("Mangual") pleaded guilty to one count of possessing a firearm while being an unlawful user of a controlled substance.  He now appeals his sentence of 30 months' imprisonment on the grounds that it was procedurally and substantively unreasonable.  For the reasons that follow, we affirm.

## I.

On November 2, 2016, Mangual was indicted in the District of Puerto Rico for possession of a firearm and ammunition by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) and § 924(a)(2).  Mangual does not dispute that, a week earlier, Puerto Rico Police Department officers had found Mangual sleeping on the couch at his friend's residence in possession of a Bushmaster rifle loaded with a large-capacity magazine and 30 rounds of .223 caliber ammunition.  Pursuant to a plea agreement that Mangual signed on January 10, 2017, he pleaded guilty to knowingly and unlawfully possessing a firearm and ammunition while being an unlawful drug user and agreed to forfeit the rifle and ammunition.  Mangual also agreed to a waiver-of-appeal provision.

## II.

The  government  argues  that  the  appeal  waiver  bars Mangual from appealing his sentence because the District Court imposed a sentence "within the bottom to middle of the applicable

guideline range[,]" and the plea agreement's waiver of appeal contemplated a sentence "in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement." To this point, the government notes that the Sentence Recommendation provision of the plea agreement stated "that [the] defendant may request a sentence of imprisonment at the bottom of the applicable Guidelines range and that the Government may request a sentence of imprisonment up to the middle of the applicable Guidelines range."

The sentence did fall within the bottom to middle of the sentencing guidelines range on which the District Court relied. The record shows, however, that the District Court did not use the same guidelines range that the parties used in making their sentencing recommendations in the plea agreement. Nevertheless, Mangual does not argue in his opening brief that the appeal waiver does not bar his appeal here. Nor, for that matter, does Mangual's argument refer to the appeal waiver at all. In fact, even though the government contends in its brief on appeal that the waiver to which Mangual agreed does bar his appeal of the sentence, Mangual also did not file a reply brief.

These failures are quite problematic for Mangual. We have made clear that "[w]here . . . the defendant simply ignores the waiver and seeks to argue the appeal as if no waiver ever had been executed, he forfeits any right to contend either that the

- 3 -

waiver should not be enforced or that it does not apply." United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007).

But, we need not rely on the appeal waiver to dispense with Mangual's appeal. Even if we do consider the merits of his challenges to the sentence, those challenges fail.

**III.**

We begin with Mangual's four procedural challenges to the reasonableness of his sentence. As Mangual concedes that he did not raise any of these challenges below, our review is only for plain error. United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016). And, as Mangual has not shown that the District Court committed plain error, or even reversible error at all, none has merit.

Mangual's first procedural challenge is that the District Court relied on clearly erroneous facts in calculating his base offense level ("BOL") per section 2K2.1(a)(4)(B) of the U.S. Sentencing Guidelines Manual, which provides for a BOL of 20 for an offense involving possession of a "semiautomatic firearm that is capable of accepting a large capacity magazine" by a prohibited person, in this case a drug user. U.S.S.G. § 2K2.1(a)(4)(B). But, the presentence report ("PSR") contains the probation officer's finding that "the firearm in this case was a semiautomatic firearm (Bushmaster Rifle, Model Carbon- 15 Pistol, Caliber 5.56, Serial Number D04556) that is capable of accepting

a large capacity magazine and hence, among the evidence seized in this case there is a high capacity magazine (One 5.56x45 PMAG rifle magazine with capacity for 30 rounds)."  Nor does Mangual point to any evidence in the record that would call into question the District Court's finding that the rifle he was found to possess while being an unlawful drug user was a semiautomatic firearm that was capable of receiving a large-capacity magazine.  We thus see no basis for finding clear error here.  United States v. Cox, 851 F.3d 113, 124 (1st Cir. 2017); see United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003) ("[I]f the defendant's objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR.").

Mangual's next procedural challenge concerns the District Court's weighing of the 18 U.S.C. § 3553(a) factors.  But, the District Court expressly stated that it had considered all relevant § 3553(a) factors, noting specifically its consideration of the "nature of the offense, the parties' plea agreement, the type of weapon that was involved and the amount of ammunition[.]"  See 18 U.S.C. § 3553(a)(1)-(2).  Given that the District Court was not required to "dissect every factor . . . 'one by one, in some sort of rote incantation, when explicating its sentencing decision,'" United States v. Rivera-Clemente, 813 F.3d 43, 51 (1st Cir. 2016) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir. 2006)), we cannot say that the District Court

- 5 -

failed to give due consideration to the § 3553(a) factors in imposing a mid-range sentence.  See id.

We also reject Mangual's assertion that the District Court committed procedural error by not adequately explaining its sentencing rationale.  The explanation required by § 3553(c) "need [not] be precise to the point of pedantry."  United States v. Dávila-González, 595 F.3d 42, 48 (1st Cir. 2010) (quoting Turbides-Leonardo, 468 F.3d at 40); see United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015).  And here, before sentencing Mangual to a term of imprisonment in the middle of the applicable guidelines sentencing range, the District Court described Mangual's use of marijuana and Percocet pills, the fact that this was his third conviction, and the type of the weapon and amount of ammunition involved in the offense.

Mangual's final procedural challenge is that the District Court reversibly erred by failing to elicit objections to the sentence after it was announced.  Mangual relies for this argument on an Eleventh Circuit case that requires a district court, after imposing a sentence, to give the parties an opportunity to object to the court's findings of fact and conclusions of law.  United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990).  However, we have not imposed the requirement set forth in Jones.  See United States v. Cortés-Medina, 819 F.3d 566, 574 n.10 (1st Cir. 2016) (Lipez, J., dissenting) (stating

that the First Circuit does not, but should, have such a rule); see also United States v. Gallant, 306 F.3d 1181, 1189 (1st Cir. 2002) (noting that the Federal Rules of Criminal Procedure are silent regarding post-sentencing objections).

We turn then to Mangual's challenge to the substantive reasonableness of the sentence. Mangual asserts that the District Court's sentence was substantively unreasonable because the District Court imposed too harsh a sentence given that the record shows, in his view, that he was merely "in the wrong place at the wrong time."[1] "But the fact '[t]hat the court chose to attach less significance to certain mitigating circumstances than [Mangual] thinks they deserved does not make his sentence substantively unreasonable.'" United States v. Milán-Rodríguez, 819 F.3d 535, 540 (1st Cir. 2016) (first alteration in original) (quoting United States v. Colón–Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012)). Rather, "[a] sentence is substantively reasonable so long as it rests on a plausible sentencing rationale and exemplifies a defensible result." Id. (quoting United States v. Fernández–Garay, 788 F.3d 1, 6 (1st Cir. 2015)). And that is the case here, given the features of the case that the District Court highlighted: Mangual's drug use, his prior convictions, and the type of the

_____

[1] Mangual does also argue that his sentence was substantively unreasonable because of the alleged procedural errors. But, given our analysis of the merits of those procedural errors, this challenge necessarily fails.

weapon and amount of ammunition involved in the offense.  Nor does Mangual identify any mitigating grounds sufficient to persuade us that the District Court acted unreasonably in imposing its sentence.  We thus reject the challenge even if we choose to apply the more defendant-friendly abuse-of-discretion standard that Mangual asks us to use.

## IV.

For the foregoing reasons, the District Court's sentence is **affirmed**.