# United States Court of Appeals
## For the First Circuit

No. 17-1383

UNITED STATES,

Appellee,

v.

HERIBERTO ORTÍZ-MERCADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Angela G. Lehman on brief, for appellant.
Julia M. Meconiates, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, on brief, for appellee.

March 29, 2019

**HOWARD**, **Chief Judge**.  In this appeal, Heriberto Ortíz-Mercado challenges his sentence following his guilty plea to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced him to seventy-one months of incarceration plus three years of supervised release.  We affirm the sentence for the reasons that follow.

On the night of June 26, 2015, Puerto Rico Police Department officers observed Ortíz crossing the street while carrying a firearm.  After exiting their unmarked vehicle, the officers approached Ortíz and identified themselves as police officers.  Ortíz started running and threw the firearm on the ground, but in the process he fell to the ground and the officers arrested him.  The officers recovered a Glock model 26 pistol, fully loaded with a drum magazine containing forty-nine rounds of 9mm ammunition plus a round in the chamber.  The Glock was modified with a chip to fire multiple rounds with a single pull of the trigger.  While patting down Ortíz, the officers also found two loaded Glock magazines: one high-capacity magazine with thirty rounds, and one with fifteen rounds.  Ortíz was taken to the precinct station, where he disclosed that he had been previously convicted of a felony and was under the supervision of the U.S. Probation Office at the time. A grand jury subsequently indicted Ortíz on one count of violating 18 U.S.C. § 922(g)(1), as a

convicted felon in possession of a firearm, and the government sought forfeiture of the firearm and ammunition under 18 U.S.C. § 924(d)(1).

Ortíz ultimately decided to plead guilty without a plea agreement, and the district court accepted the straight plea. During the preparation of a presentence investigation report, Ortíz explained to the probation officer that he bought the gun on the street because he constantly feared for his life after an incident in November 2014 during which he was shot eight times. The shooting left him in a coma for three months. He also expressed remorse for having the gun and acknowledged that he knew it was illegal for him to possess it.

The probation officer determined that under U.S.S.G. §2K2.1(a)(3) of the sentencing guidelines, Ortíz's base offense level was 22, which was offset by three levels for acceptance of responsibility under U.S.S.G. §3E1.1(a)-(b), for a total offense level of 19. Shortly before the sentencing hearing, Ortíz filed a sentencing memorandum requesting a downward departure from the guidelines. In his memorandum and at the sentencing hearing, Ortíz advanced a number of reasons why the court should impose a sentence at or below the lower end of the guidelines range. In particular, Ortíz sought a lower sentence in light of his medical history, which included his difficult recovery from the shooting incident, his having had Hodgkin's lymphoma, and his need for

ongoing professional medical care. Overall, he argued that the circumstances that led him to commit the offense, combined with his medical circumstances, weighed in favor of sentencing him at or below the low end of the guideline range.

At the sentencing hearing, the district court approved a three-level reduction for acceptance of responsibility, resulting in a guideline range of fifty-seven to seventy-one months incarceration, and a supervised release term of at least one but not more than three years. The court then considered Ortíz's history, noting his two teenaged children, his limited education and lack of employment, and his medical history, including the cancer diagnosis and treatment, the 2014 shooting, and a twenty-year history of substance abuse. At the same time, the district court took into account that this was Ortíz's fourth conviction, and that it occurred while he was on supervised release. In light of those factors, and the nature and circumstances of the current offense, the court determined that a sentence at the higher end of the guideline range was sufficient but not greater than necessary, and imposed the seventy-one month incarcerative term and three years of supervised release.

On appeal, Ortíz asserts procedural error in the district court's allegedly pro forma consideration of his request for a shorter sentence. He submits that the court failed to adequately explain why a sentence at the low end of the guidelines

was not sufficient to achieve the legitimate objective of sentencing in this case. He also argues that the length of his prison term is substantively unreasonable.

Ordinarily, we review a sentence for reasonableness, tantamount to a review for abuse of discretion. United States v. Diaz-Rodriguez, 853 F.3d 540, 547 (1st Cir. 2017). However, when a defendant fails to preserve a claim for procedural error in sentencing, we review for plain error only. United States v. Perretta, 804 F.3d 53, 57 (1st Cir. 2015).

Ortíz argues that he preserved his claims of procedural and substantive error when he filed his sentencing memorandum urging the court to impose a sentence at the lower end of the guideline range. This argument flops, however, at least for the procedural challenge, because he failed to object to the claimed error at the sentencing hearing when the alleged error occurred, even though he had a reasonable opportunity to do so. See Puckett v. United States, 556 U.S. 129, 134 (2009) ("If a litigant believes that an error has occurred . . . during a federal judicial proceeding, he must object in order to preserve the issue."); cf. United States v. Fernandez-Garay, 788 F.3d 1, 4 (1st Cir. 2015) ("A party's failure to spell out a claim [of error] in the district court may be excused if he had no reasonable opportunity to do so.") (citing Fed. R. Crim. P. 51(b)). After considering various factors and explaining the sentence imposed, the district court

asked Ortíz and the government whether they had any other matters to raise before concluding the proceedings. To that invitation, Ortíz's counsel expressly replied, "Nothing further." Plain error review thus applies to the procedural challenge because Ortíz did not preserve that claim of error below.

To establish plain error, Ortíz must show that three conditions are satisfied: "First, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain—that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904 (2018) (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016)). After finding those three conditions satisfied, we should correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles, 138 S. Ct. at 1905 (quoting Molina-Martinez, 136 S. Ct. at 1343). An error resulting in a longer sentence than necessary ordinarily satisfies the latter inquiry. Id. at 1908-09, 1911.

Ortíz argues that the district court only summarily addressed the sentencing factors under 18 U.S.C. § 3553(a), and failed to adequately explain the chosen sentence, as required under § 3553(c). Failure to follow § 3553 results in prejudice warranting reversal for plain error if the defendant shows a reasonable probability that but for an obvious error the court

- 6 -

would have imposed a more favorable sentence.  See United States v. Rodríguez, 731 F.3d 20, 25 (1st Cir. 2013).  Ortíz's claim falls well short of the mark, because there was no error, plain or otherwise.

The district court stated that it had "considered all Section 3553(a) factors," and that statement is entitled to some weight.  United States v. Davila-Gonzalez, 595 F.3d 42, 49 (1st Cir. 2010).  The court expressly noted Ortíz's personal and criminal history, the nature of the offense, the type of weapon involved, the amount of ammunition, and his status as a releasee at the time.  Ortíz claims that the district court did not address his request for a downward departure under U.S.S.G. §5H1.4 based on his medical condition and possible cancer recurrence.  But that is not so.  During the sentencing hearing, counsel for Ortíz urged the court to consider the possible recurrence of cancer, noting that Ortíz recently had undergone diagnostic studies but the results were unknown at sentencing.  The district court concluded that the record neither indicated a recurrence of cancer nor reflected that his medical condition was being neglected while in custody.

While a sentencing court should set forth enough to satisfy an appellate court that it considered the parties' arguments and had a reasoned basis for the sentence imposed, it need not provide a lengthy explanation of a straightforward

application of the guidelines to a particular case.  Rita v. United States, 551 U.S. 338, 356 (2007).  Moreover, we take a pragmatic approach and recognize that the district court's reasoning may be inferred by comparing the parties' arguments with what the court did.  United States v. Rivera-Clemente, 813 F.3d 43, 50 (1st Cir.), cert. denied, 136 S. Ct. 2427 (2016).  An express dissection of each of the § 3553(a) factors is not required.  United States v. Mangual-Rosado, 907 F.3d 107, 110 (1st Cir. 2018).

Here, the district court addressed the § 3553(a) factors weighing in favor of the sentence imposed.  In addition, the district court expressly considered Ortíz's medical condition, but found that it carried inadequate weight to tilt the scales in favor of the shorter sentence he sought.  We cannot therefore conclude that the district court failed to give due consideration to the § 3553(a) factors or to explain its reasoning in arriving at its sentence.  As such, we find no reversible procedural error in sentencing, much less satisfaction of the plain error standard.

Ortíz's claim of substantive error in his sentencing similarly fails.  He argues that the seventy-one month sentence is unreasonable in these circumstances.  In particular, Ortíz presses that his offense was not violent nor was it connected to his past drug involvement.  He also argues that he possessed the gun only because he feared for his life after he was shot multiple times in 2014.  These factors, however, do not stand in isolation,

and the district court's decision considered other factors -- _viz._, Ortíz's recidivism and his having committed this crime while under federal supervision -- that it found weighed in favor of the sentence imposed.

Having previously recognized that an objection in the district court may not be required to preserve a challenge to the substantive reasonableness of a sentence, we assume, favorably to Ortíz, that the abuse of discretion standard of review applies. See United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015). "A sentence is substantively reasonable so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" Id. (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). Furthermore, a district court sentence that falls within the guideline range deserves a presumption of reasonableness. See United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir.), cert. denied, 137 S. Ct. 2229 (2017) (citing Rita, 551 U.S. at 347). In these circumstances, Ortíz must present "fairly powerful mitigating reasons" and persuade us that the district court unreasonably balanced the pros and cons. Id. (citations omitted). The mitigating reasons that Ortíz presents here were also advanced before the district court at sentencing, and, as described above, the record belies his claim that the district court overlooked them or gave them short shrift

in determining his sentence.  He thus fails to satisfy his burden to prevail on the substantive challenge to his sentence.

Accordingly, we <u>affirm</u> Ortíz's sentence.