Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 20-1132

UNITED STATES,

Appellee,

v.

CHARLIE D. VICK,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Thompson, Boudin, and Barron,
Circuit Judges.

Edward J. Romano, Esq., on brief for appellant.
Aaron L. Weisman, United States Attorney, and Lauren S. Zurier, Assistant United States Attorney, on brief for appellee.

April 13, 2021

**BOUDIN**, **Circuit Judge**. Charlie Vick pled guilty to possessing ammunition, being a convicted felon,[1] 18 U.S.C. § 922(g)(1), and now appeals his sentence. Vick's Guidelines Sentencing Range ("GSR") was twenty-one to twenty-seven months, and the district court varied upward to impose a sentence of thirty-six months in prison followed by three years of supervised release. Vick's unpreserved complaints are reviewed for plain error, United States v. Ortíz-Mercado, 919 F.3d 686, 689 (1st Cir. 2019), and his preserved complaints for abuse of discretion, see United States v. García-Mojica, 955 F.3d 187, 192, 194 (1st Cir. 2020).

Vick first argues the sentencing judge gave too much weight to his previous arrests that did not result in convictions. Although a sentencing court may not rely on a defendant's mere arrest record, United States v. Santa-Soler, 985 F.3d 93, 96 (1st Cir. 2021) (citing United States v. Marrero-Pérez, 914 F.3d 20, 22 (1st Cir. 2019)), "[i]n certain perhaps rare cases [not present here], a reasonable person might in particular circumstances assign some weight to a collection of arrests." Marrero, 914 F.3d at 22. At bottom, a sentencing court must not "equate arrest with

---

[1] Vick had prior adult convictions for forgery of a check and related charges, carrying a dangerous weapon, attempting to commit a crime (breaking and entering), threatening to commit a crime (kill), unlicensed operation of a motor vehicle, possession of a large capacity weapon, and knowingly receiving stolen property.

guilt."  Id. at 23; see also United States v. Díaz-Rivera, 957 F.3d 20, 26-27 (1st Cir. 2020).

The district court noted all "three parts" of Vick's long criminal history: convictions, arrests, and civil abuse prevention orders.  As of sentencing, Vick had at least seven convictions, had been arrested twenty-eight times, had three pending criminal cases, and had eight civil abuse prevention orders issued against him.  When discussing Vick's prior arrests, the district court properly emphasized that "a lot" of arrests resulted in dismissals and, unlike convictions, the arrests "can't count . . . as criminal history" and "don't get points."  Thus, the district court made clear it "can't treat [arrests] like convictions."  Instead, the district court properly compared Vick's arrest record to other sections of his presentence report ("PSR"), such as his employment history and family situation, noting that each such aspect of Vick's circumstances helped "paint a picture of the defendant."  The district court concluded that while arrests "are worth paying some attention to," it did not "put the same weight on those that [it] put[s] on to the criminal history where you receive convictions" because convictions "get a lot more weight and . . . certain criminal history points."

While the district court's last statement regarding the relative weight afforded to arrests would have been better left unsaid, the court's reference does not show that it equated arrests

with guilt.  In ultimately announcing the decision to vary upwards, the court focused on two aspects of Vick's conduct: "threatening, assaultive, violent behavior" and "an obsession of some sort, with firearms," which, in turn, motivated concerns for public safety and recidivism.  These insights were properly gleaned from the full complement of reliable information available to the court, including Vick's previous convictions and the circumstances of the instant arrest.  See Díaz-Rivera, 957 F.3d at 27-28.

Vick says that the sentencing judge gave too much weight to his alleged involvement in a shootout the morning of his arrest. Initially, Vick's PSR included a sentencing enhancement based on the government's argument that Vick had been involved in a shooting the morning he bought the ammunition.  Later, the government requested a sentencing enhancement because Vick had gone to a shooting range after purchasing the ammunition and used a gun there.[2]  The judge refused to apply an enhancement but concluded that Vick likely bought the ammunition for violent purposes, saying that "[s]omething's going on, and we don't know exactly what it

---

[2] Both possessing ammunition and possessing a firearm are criminal offenses if the possessor is a convicted felon.  See 18 U.S.C. § 922(g)(1).  The government's argument under both theories relied on U.S.S.G § 2K2.1(b)(6)(B), which requires a sentencing enhancement if the ammunition Vick bought was possessed in connection with another offense.  As Vick was a convicted felon, possessing a firearm would violate 18 U.S.C. § 922(g)(1) and thus would constitute another offense.

is, but it says to me that there's a serious public safety risk here with what you're up to."

The judge's inference was that when Vick bought ammunition, he planned to use it to shoot a gun. This was a reasonable inference based on Vick's history. See United States v. Montañez-Quiñones, 911 F.3d 59, 67-68 (1st Cir. 2018).

Vick next argues that the district court's mention of his previous convictions during the explanation of his sentence was error because the convictions were already accounted for in his GSR. See United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). Vick's convictions were indeed accounted for in his GSR through the criminal history calculation, but the criminal history calculation did not account for the pattern of violent behavior and the "obsession" with firearms revealed by his convictions.

Vick also argues the criminal history calculation overrepresented the seriousness of his previous convictions because he believes he received too many points for minor offenses. Vick cites no authority for this attack, nor could he; there is no error in using a correctly calculated GSR in sentencing. To the extent Vick argues his criminal history was incorrectly calculated, he waived this argument by failing to present any support for his assertion. See, e.g., United States v. Tanco-Pizarro, 892 F.3d 472, 483 n.7 (1st Cir. 2018).

Vick additionally argues his sentence was unreasonably long, but the sentence rested on a "plausible rationale" and produced a "defensible result." United States v. Flores-Machicote, 706 F.3d 16, 25 (1st Cir. 2013) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)); see also 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(C).

Finally, Vick argues the district court "gave short shrift" to other relevant sentencing factors such as his age, physical health, substance abuse, social and family history, education, and employment. But the weighing of relevant sentencing factors "is largely within the court's informed discretion." United States v. Santiago-Rivera, 744 F.3d 229, 232 (1st Cir. 2014) (internal quotation marks and citation omitted). The record shows the district court properly considered all the relevant sentencing factors. See 18 U.S.C. § 3553(a). It specifically emphasized the nature and circumstances of the offense, Vick's history and characteristics, deterrence, and public protection. The court's decision to focus on these factors over others "does not undermine the 'significant weight' we afford a court's statements regarding the factors and information it considered at sentencing." United States v. Frederickson, No. 20-1033, 2021 WL 567440, at *11 (1st Cir. Feb. 16, 2021) (quoting United States v. Márquez-García, 862 F.3d 143, 145 (1st Cir. 2017)).

Affirmed.