# United States Court of Appeals
## For the First Circuit

No. 12-1991

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE REVEROL-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Stahl, and Barron,
Circuit Judges.

Liza L. Rosado-Rodríguez, Research and Writing Specialist, with whom Eric Alexander Vos, Federal Public Defender, Héctor E. Guzmán-Silva, Jr., Federal Public Defender, Hector L. Ramos-Vega, Assistant Federal Public Defender, Supervisor, Appeals Section, and Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, were on brief, for appellant.
Tiffany V. Monrose, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

February 20, 2015

**BARRON, <u>Circuit Judge</u>.** Jorge Reverol-Rivera and an accomplice both pled guilty to importing cocaine to the United States. In this appeal, Reverol challenges the District Court's decision to give him a much longer sentence than his accomplice, even though both piloted the boat used to import the cocaine. Because the sentencing disparity between these co-defendants was reasonably justified by the difference in culpability that the District Court expressly found, we affirm the sentence.

**I.**

Reverol and an accomplice piloted a small boat to a rendezvous with another boat in international waters and then back towards Puerto Rico. After the two men entered United States territorial waters, law enforcement agents boarded the boat and discovered what was later confirmed to be 148.5 kilograms of cocaine.[1]

Pursuant to an agreement, <u>see</u> Fed. R. Crim. P. 11(c)(1)(A), (B), Reverol pled guilty to importing (and aiding and abetting his accomplice in importing) into the United States at least five kilograms of a substance containing cocaine. 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B); 18 U.S.C. § 2. The government

---

[1] "Since this appeal trails in the wake of a guilty plea, we draw the facts from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report . . . , and the transcript of the disposition hearing." <u>United States</u> v. <u>Rivera-González</u>, -- F.3d --, 2015 WL 234774, at *1 (1st Cir. 2015).

and Reverol agreed to "recommend a sentence at the lower end of the applicable advisory guideline range."[2]

The Sentencing Guidelines recommend a range of sentences based on two variables. See U.S.S.G. § 5A. The first variable is the offense level, expressed as a point value determined initially by the seriousness of the offense and then adjusted upward or downward to account for aggravating or mitigating factors. See id. § 2 introductory cmt. The second variable is the defendant's criminal history. See id. § 4A1.1.

The statement of facts that accompanied the plea agreement stipulated that Reverol "captained the vessel" that transported the cocaine. The plea agreement's recommended guidelines calculation, however, did not apply the guideline that enhances a defendant's offense level by two points "[i]f the defendant unlawfully imported or exported a controlled substance under circumstances in which . . . the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(3)(C). The government also promised not to seek further enhancements.

---

[2] The agreement also contained a clause waiving Reverol's appeal rights if the District Court sentenced Reverol "according to [the agreement's] terms, conditions and recommendations." Because the District Court departed from the agreement's recommended calculation under the Sentencing Guidelines, this waiver does not preclude our review of this case. See Rivera-González, __ F.3d __, 2015 WL 234774, at *2.

-3-

The pre-sentence report, independently prepared by a probation officer, contained its own recommended guidelines calculation. See Fed. R. Crim. P. 32(d). The report took a different approach and applied the captain enhancement. The report based the enhancement on the factual stipulation in the plea agreement regarding Reverol's duties on the boat.

At the sentencing hearing, the government, like Reverol, "st[oo]d by th[e] plea agreement." That approach led the government to inform the District Court at sentencing that 108 months in prison -- the lower bound of the 108- to 135-month guidelines range for Reverol that the government, based on the plea agreement, calculated without using the captain enhancement -- "would be sufficient punishment for this defendant even though he did undertake duties of captaining the boat." The government also argued that any sentence higher than 108 months would create an unjustified disparity with his accomplice's already-imposed sentence.

Reverol's accomplice, who the record indicates shared the same criminal history category as Reverol, had pled guilty in a straight plea without a formal agreement. The accomplice had then received a sentence of 63 months in prison. That sentence was at the lower end of the accomplice's guidelines sentencing range of 63 to 78 months. In calculating that range, the district court did not apply the captain enhancement but did apply a deduction for the

accomplice's having played a minor role in the crime.  U.S.S.G. § 3B1.2(b).

At sentencing, both the government and Reverol stated that the accomplice shared some piloting duties on the boat and thus could have received the same captain enhancement.  The government explained, however, that the government's version of the facts in the accomplice's plea colloquy did not mention that the accomplice shared captaining duties.  The government also explained that the plea agreement with Reverol did include the description of Reverol's duties as captain "because he in fact was the ultimate person responsible for captaining the vessel" even if, in practice, the duties were shared.  The government argued, however, that a sentence of 108 months for Reverol, compared to one of 63 months for his accomplice, would be about the right punishment differential and that a higher sentence for Reverol would be unjustified.  For his part, Reverol also argued that he should receive a two-point deduction to cancel out the effects of the captain enhancement, though he conceded that he did not meet the requirements for a substantial assistance deduction, see id. § 5K1.1, and he did not identify any other guideline that would permit such a deduction.[3]

---

[3]    Reverol thus mischaracterizes the record when he states in his opening brief on appeal that he argued to the District Court that he deserved "a two-level departure for substantial assistance."

The District Court followed the lead of the pre-sentence report rather than the plea agreement and included the two-point captain enhancement in calculating Reverol's guidelines sentencing range. The District Court then sentenced Reverol to 135 months in prison, which was the lower end of the 135- to 168-month guidelines range that the District Court calculated.

The District Court explained that the sentence was "sufficient but not greater than necessary." Addressing the disparity argument, the District Court concluded that Reverol's higher sentence was justified by his greater culpability. The District Court found that the accomplice was "a last minute replacement recruited by . . . Reverol . . . the day before the scheduled pickup," and that Reverol transported the accomplice to the boat, had primary responsibility for captaining the vessel, read the geolocation system, and "knew the pickup location." The District Court also explained that neither the government nor Reverol "provided any concrete information to the Court regarding the extent of Reverol[-]Rivera's assistance to the United States, or its contents" to qualify for a substantial-assistance deduction.

Reverol then brought this appeal.

## II.

Reverol challenges the procedural and substantive reasonableness of his sentence. Because Reverol preserved these challenges, we review the discretionary sentence determinations for

-6-

abuse of discretion, findings of fact for clear error, and conclusions of law de novo. United States v. Rivera-González, __ F.3d __, 2015 WL 234774, at *2 (1st Cir. 2015).

Reverol first argues that the District Court imposed a procedurally unreasonable sentence because it "failed to adequately consider" his arguments, including the disparity argument, in favor of a 108-month sentence. But the record clearly reveals the opposite. See United States v. Ayala-Vazquez, 751 F.3d 1, 31-32 (1st Cir. 2014) (concluding that district court adequately considered disparity argument by noting that disparate sentences were justified where co-defendants pled guilty and were thus not similarly situated to defendant who went to trial).

And so we turn to Reverol's substantive challenge. Reverol argues that the District Court's 135-month sentence, though within the guidelines range, was substantively unreasonable in light of the accomplice's 63-month sentence. Reverol concedes that he was more culpable than his accomplice. He argues, however, that his greater culpability would merit only a 108-month sentence, and that any sentence above that would create too much of a disparity with the sentence his accomplice received.

When imposing a sentence, a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). We have said that

§ 3553(a)(6) is primarily concerned with national disparities. See, e.g., United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010). But we have also examined arguments, like Reverol's, that a sentence was substantively unreasonable because of the disparity with the sentence given to a co-defendant. See, e.g., id. at 49-50 (contrasting co-defendant who pled to defendant who did not; United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2005) (contrasting co-defendant's "prompt and full cooperation" with defendant's "belated and grudging cooperation").[4]

In performing such review, we have made clear that differences in culpability can justify disparate sentences among co-defendants. United States v. Rivera-Maldonado, 194 F.3d 224, 236 (1st Cir. 1999). And here, the District Court expressly found that Reverol was significantly more culpable than his accomplice, pointing to his accomplice's last-minute addition to the operation and subordinate role at sea, Reverol's arrangement for the accomplice's participation, and Reverol's ultimate responsibility for captaining the ship (including, unlike the accomplice, knowing the rendezvous location and guiding the boat using geolocation technology).

---

[4] The government argues that we held in Ayala-Vazquez, 751 F.3d at 32, that co-defendant disparity need not be considered at all. But Ayala-Vazquez established only that the fact that one co-defendant pled guilty while the other went to trial may justify a disparity in their sentences. Id.

Reverol asserts that 108 months was the highest sentence that could be justified given the lower sentence the accomplice received. But given that the record supports the District Court's determination that Reverol and the accomplice were not equally culpable, we find nothing in this record to indicate that the District Court abused its discretion in concluding that the 135-month sentence was justified by Reverol's individual level of culpability. See Rivera-González, -- F.3d --, 2015 WL 234774, at *6 ("In most cases, there is not a single appropriate sentence but, rather, a universe of reasonable sentences."); United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008) ("[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result.").

Our conclusion is not disturbed by the fact that the government and Reverol recommended 108 months as the highest sentence that could be justified by Reverol's greater culpability. The District Court was not bound by the jointly recommended sentence, see Rivera-González, __ F.3d __, 2015 WL 234774, at *5-6, and the District Court identified in some detail aspects of the role Reverol played that reasonably support its conclusion that his actions warranted a sentence of the length imposed.

We thus affirm the District Court's sentence.