# United States Court of Appeals
## For the First Circuit

No. 15-2322

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN ORTIZ-TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Howard, Chief Judge,
Dyk* and Thompson, Circuit Judges.

Vivian Shevitz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

October 13, 2017

*Of the Federal Circuit, sitting by designation.

**PER CURIAM**.  Defendant-Appellant Jonathan Ortiz-Torres appeals his 560-month sentence, entered pursuant to a guilty plea, for brandishing and discharging firearms during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (j).  Ortiz and his co-defendants embarked on a plan to rob two Puerto Rico Department of Natural Resources officers of their firearms.  Ortiz attempted to take one guard's gun and, in the ensuing struggle, he shot the guard.  In response, a second guard began shooting at Ortiz and one of his co-defendants.  The conspirators returned fire, and a bullet from Ortiz struck and killed the second guard.  At this point, Ortiz turned his attention back to the first guard, who remained on the ground, wounded.  "Believing the guard" to be "moving in a threatening manner, Ortiz shot him in the head or neck area killing him."

Ortiz's plea agreement stipulated that he would receive a three-level reduction of his offense level for acceptance of responsibility under U.S.S.G. §3E1.1.  Accounting for this downward adjustment, the parties agreed that the applicable guideline sentencing range ("GSR") was 292-365 months.  But the plea agreement also expressly provided that both parties were free to "argue for an appropriate sentence, notwithstanding" this range.  Indeed, the government specifically "reserve[d] its right to argue for a sentence above the suggested" GSR.  At the sentencing hearing, the government exercised that right and

- 2 -

recommended an incarcerative term of at least 500 months. The district court agreed that a variance was appropriate and sentenced Ortiz to 560 months' imprisonment.

On appeal, Ortiz raises two narrow challenges to his sentence. First, he contends that the government breached the plea agreement by arguing at the sentencing hearing that Ortiz "had not accepted responsibility." Second, Ortiz suggests that his and his co-defendant's sentences were "unduly disparate." Because both of Ortiz's claims fail on the merits, we assume, favorably to him, that they are preserved for appeal.

Applying de novo review, see United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014), we find no breach of the plea agreement. The government never so much as mentioned the acceptance of responsibility credit at the sentencing hearing. Ortiz nonetheless asserts that the prosecutor's reference to Ortiz's lack of remorse undermined his acceptance of responsibility. But, rather than an attempt to renege on the plea deal, the government's contention on this issue was simply part of its rationale for requesting an upward variance. "It is well established" that "lack of remorse" is a relevant consideration in this context that can support an upward variance in sentencing, even if there is an acceptance of responsibility by the defendant. United States v. Santiago-González, 825 F.3d 41, 50 n.13 (1st Cir. 2016); see also United States v. Cruzado-Laureano, 527 F.3d 231,

236-37 (1st Cir. 2008).[1]  In any event, the court ultimately found a "clear acceptance of responsibility" and, accordingly, applied the downward adjustment.

Ortiz next argues that his 560-month sentence is substantively unreasonable, in light of his co-defendant's 380-month sentence.  In short, we perceive no abuse of discretion by the district court.  See United States v. Reverol-Rivera, 778 F.3d 363, 366-67 (1st Cir. 2015).  As an initial matter, a defendant is not entitled to a lighter sentence merely because a co-defendant received one.  See United States v. Dávila-González, 595 F.3d 42, 50 (1st Cir. 2010).  Indeed, there is a panoply of "material differences" that may justify a purported disparity.  United States v. Reyes-Santiago, 804 F.3d 453, 467 (1st Cir. 2015).  We have repeatedly held that one such distinguishing factor is a defendant's relative culpability.  See, e.g., Reverol-Rivera, 778 F.3d at 366; United States v. Rivera-Maldonado, 194 F.3d 224, 236 (1st Cir. 1999).  Here, the sentencing judge expressly relied on the fact that Ortiz, not his co-defendant, shot and killed both victims.  The court was especially troubled by Ortiz's fatal

---

[1] To the extent that Ortiz separately argues that the government breached the plea agreement by referring to his filing of a motion to suppress, that claim also fails.  The prosecutor never argued or implied that the suppression motion affected Ortiz's entitlement to acceptance of responsibility credit. Indeed, she ultimately agreed with defense counsel's characterization of the suppression issue.

shooting of the injured guard lying on the ground, which it characterized as "extremely shocking."  The district court was well within its broad discretion to conclude that this conduct rendered Ortiz more culpable than his co-defendant and, in turn, justified a significantly longer term of incarceration.

For the foregoing reasons, we **AFFIRM** Ortiz's sentence.