# United States Court of Appeals
## For the First Circuit

No. 23-1418

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ LUIS GONZÁLEZ-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Kayatta, Selya, and Montecalvo,
Circuit Judges.

Julie Soderlund on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, on brief for appellee.

August 5, 2024

**SELYA**, <u>Circuit Judge</u>. In this appeal, defendant-appellant José Luis González-Rivera marshals two claims of error. First, he contends that the district court erred in rejecting his disparity claim when it sentenced him to a 292-month term of imprisonment. Second, he contends that his due process rights were infringed when the district court granted the government's amended motion to impose a $15,000 restitution obligation despite the fact that the government had failed to serve him with that motion. We conclude that his first contention is unpersuasive and that we lack jurisdiction to consider his challenge to the restitution order. Accordingly, we affirm in part and dismiss in part, without prejudice, for want of appellate jurisdiction.

**I**

We briefly rehearse the events underlying this appeal (including the travel of the case). "Where, as here, a sentencing appeal follows a guilty plea, we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing." <u>United States</u> v. <u>Vargas</u>, 560 F.3d 45, 47 (1st Cir. 2009).

In November of 2020, Homeland Security Investigations (HSI) — a federal agency — was alerted by the Puerto Rico Police Department to a possible case of child exploitation involving a sixteen-year-old female victim. Shortly thereafter, HSI agents

executed an arrest warrant and took the appellant into custody. During the execution of the warrant, the agents performed a consensual search and seized various electronic devices. On the appellant's cellular phones, agents found numerous videos of the appellant sexually abusing the victim. The government subsequently charged the appellant with one count of producing child pornography (count 1), see 18 U.S.C. § 2251(a), (e); one count of knowingly possessing child pornography (count 2), see id. § 2252A(a)(5)(B); and one count of knowingly transporting a minor with intent for the minor to engage in criminal sexual activity (count 3), see id. § 2423(a).

On August 23, 2022, the appellant entered into a plea agreement (the Agreement) with the government. Under the terms of the Agreement, the appellant agreed to plead guilty to counts 1 and 3, and the government agreed to move for dismissal of count 2. The district court accepted the Agreement and, as a result, accepted the appellant's guilty plea to counts 1 and 3.[1] The court proceeded to order the preparation of a PSI Report. As relevant here, a second amended PSI Report was eventually prepared and distributed. This report recommended guideline sentencing ranges

---

[1] Pursuant to the terms of the Agreement, the district court dismissed count 2 at the time of sentencing.

- 3 -

of up to thirty years for count 1[2] and life imprisonment for count 3. It also recommended mandatory restitution pursuant to 18 U.S.C. § 2259(b)(2) but noted that no claim for restitution had been asserted by the government.

The appellant objected to the PSI Report. In pertinent part, he protested the proposed five-level enhancement for his engagement in a pattern of activity involving prohibited sexual conduct. See USSG §4B1.5(b)(1). Although he conceded that this enhancement "may be applicable under the advisory guideline recommendation," he nonetheless argued that "applying this enhancement will create a situation of disparity amongst similarly situated defendants in the District of Puerto Rico." To illustrate, he identified four recent sentencings in the District, in which he said that the defendants engaged in similar "very aberrant behavior," but still only received sentences that "usually range[d] from 210-262 months in prison."

The district court convened the disposition hearing on April 17, 2023. It flatly denied the appellant's claim that the proposed five-level enhancement and the concomitant sentencing recommendation would, if adopted, bring about a disparity.

---

[2] In point of fact, the guidelines prescribed life imprisonment as the guideline range for count 1. See USSG Sent'g Table, Ch. 5, Pt. A. Because the statutory maximum sentence for that count is thirty years for someone with the appellant's criminal history, see 18 U.S.C. § 2251(e), the guideline range is correspondingly reduced.

- 4 -

Although the appellant insisted that the recommended sentence would create a disparity when contrasted with "certain [other] sentences" in the District of Puerto Rico, the court noted that "consideration of sentencing disparity primarily targets disparities among defendants nationally." This remained true, the court continued, even though "the [c]ourt has to consider disparity sometimes between defendants in the same case."[3] What is more, the court remarked, the cases that the appellant mentioned were "very different." As such, the appellant's "argument is misplaced."

In the end, the district court rejected the appellant's disparity argument. Consistent with that rejection, it adopted the five-level enhancement under USSG §4B1.5(b)(1). The court then sentenced the appellant to a downwardly variant term of immurement of 292 months on each count of conviction, to be served concurrently.

After imposing this sentence, the court noted that it had received a restitution claim in the amount of $15,000 but refrained from ruling immediately on this claim. The court stated that the "victims' losses are not yet ascertainable and are pending

---

[3] In providing its explanation concerning disparity, the court appropriately relied upon United States v. Ayala-Vazquez, 751 F.3d 1 (1st Cir. 2014). We note that, in referring to this decision, the court inadvertently used an improper citation. Nothing turns on the bevue.

further corroboration." Thus, the court directed that the appellant would "pay restitution in an amount to be determined" and declared that it would set "a date for [the] final determination of the victims' losses, which is not to exceed 90 days after sentencing." The appellant did not object either to the restitution claim generally or to the district court's decision to defer consideration of it.

On April 25, 2023, the appellant filed a timely notice of appeal. The following day, the appellant's counsel, Attorney Espada-Ocasio, filed a motion to withdraw. The district court granted the withdrawal motion. The order granting withdrawal was dated April 27.

Roughly a month later, on May 30, the government filed a motion to amend or correct the judgment to include restitution in the amount of $15,000. Of course, by that point the appellant had no counsel of record — and there is no indication that the government even tried to give him notice directly.[4] Unaware of the government's oversight, and in the absence of any opposition by the presumably unwitting and unrepresented appellant, the district court entered an amended judgment that included a restitution award in the sum of $15,000. The appellant did not

_____

[4] Service was effected on an attorney who had at one time entered an appearance in the case but who was incarcerated when served. The government has not argued that service on this individual constituted service on the appellant.

- 6 -

file a second notice of appeal following the entry of this amended judgment. Curiously, Attorney Espada-Ocasio's withdrawal did not mark her last involvement with the case. She popped back up on June 20, at which time she filed a motion on behalf of the appellant to transfer him to federal custody.

On December 27, Attorney Espada-Ocasio filed another motion to withdraw. In this motion, counsel stated that "[w]e have finished all our contractual obligations in the case at bar . . . ." The district court granted this motion on December 28. The record reflects that the attorney's engagement was "<u>TERMINATED</u>" on that date.

## II

### A

The appellant, now represented by a new counsel, advances two claims of error. First, he asserts that the district court erred in rejecting his claim that his sentence would result in an unwarranted disparity among similarly situated defendants in the District of Puerto Rico. Second, he asserts that the district court erred when it granted the government's motion to include a $15,000 restitution award as part of his sentence. This is so, the appellant suggests, because he was no longer represented by his counsel when the government filed its motion to amend or correct the judgment and the government failed to personally serve him at that time. As a result, he did not receive service of the

motion.  Thus — he says — the imposition of the amended judgment violated his due process rights.  We consider each of these assignments of error in turn.

**B**

As we have explained on many occasions, "sentencing claims are addressed under a two-step pavane." United States v. Rodríguez-Adorno, 852 F.3d 168, 175 (1st Cir. 2017).  Typically, we first examine any claims of procedural error.  See United States v. Leach, 89 F.4th 189, 195 (1st Cir. 2023).  If the challenged sentence passes procedural muster, we then examine any claim of substantive unreasonableness.  See id.

At both steps of this pavane, we review preserved claims of error for abuse of discretion.  See id.  For simplicity's sake, we assume — favorably to the appellant — that his claims of error are preserved.  See United States v. Bermúdez-Meléndez, 827 F.3d 160, 166 (1st Cir. 2016).  Under abuse of discretion review, "we assay the district court's factfinding for clear error and afford de novo consideration to its interpretation and application of the sentencing guidelines."  United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013).

With respect to his first claim of error, it is unclear to us whether he is alleging procedural error or arguing that his sentence is substantively unreasonable.  In an abundance of caution, we address both possibilities.

In his first claim of error, the appellant argues that the district court erred when it "failed to consider the facts presented by [the appellant] in his request for a sentence aligned with similarly situated defendants in similar cases." The district court — according to the appellant — abused its discretion when it found that it "could only consider sentencing disparities at the national level and refus[ed] to consider local cases." (Emphasis in original.) The record, though, plainly belies this claim. The district court recognized not only that claims of sentencing disparity primarily concern "disparities among defendants nationally" but also that sentencing disparities could occur in a cohort of local cases. But the court supportably found that the District of Puerto Rico cases that the appellant claimed were comparable were actually "very different." Cf. United States v. Ayala-Vazquez, 751 F.3d 1, 31 (1st Cir. 2014) (holding that district court adequately considered disparity argument by noting that disparate sentences were justified where codefendants were "not similarly situated"). Thus — treating the appellant's claim as a claim of procedural error — we reject it.

D

This brings us to the appellant's claim that the district court's allegedly disparate sentence was substantively unreasonable. The appellant argues that the district court's 292-

month sentence, though beneath the bottom of the guideline range, was substantively unreasonable because, in at least four instances involving "similarly situated defendants sentenced for substantially the same crimes in the District of Puerto Rico," the sentences imposed were significantly lower. In support, the appellant invokes 18 U.S.C. § 3553(a)(6), which directs sentencing courts to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

This argument lacks force. To begin, section 3553(a)(6) is primarily concerned with national — not district-based — disparities. See United States v. Reverol-Rivera, 778 F.3d 363, 366 (1st Cir. 2015); see also United States v. Floyd, 740 F.3d 22, 39 (1st Cir. 2014) ("In enacting section 3553(a)(6), 'Congress's concern was mainly with minimization of disparities among defendants nationally rather than with disparities among codefendants engaged in a common conspiracy.'" (quoting Vargas, 560 F.3d at 52)). What is more, the appellant has not shown that the district court abused its discretion when it determined that his proposed comparators were "very different." After all, the appellant never established that his proposed comparators had criminal histories similar to his own. This omission is fatal because "[a] credible claim of sentencing disparity requires that the proponent furnish the court with enough relevant information

- 10 -

to permit a determination that he and his proposed comparators are similarly situated." Rodríguez-Adorno, 852 F.3d at 177. "That information must enable the court to 'compare apples to apples.'" Id. (quoting United States v. Reyes-Santiago, 804 F.3d 453, 467 (1st Cir. 2015)).

In the case at hand, the appellant sought to have the sentencing court buy a pig in a poke. He did not furnish sufficient information to allow the district court to engage in any meaningful comparisons. Although he provided a barebones description of the facts of the various cases and chronicled the defendants' sentences, the appellant did not present even a sliver of pertinent information about the defendants' criminal histories, total offense levels, or the various guideline adjustments, up and down, to which they were entitled. To the contrary, he conceded that — with one exception — he did not "have all the relevant information" concerning these sentences. Without the relevant information, it was impossible for the district court to conclude that the cases alluded to by the appellant were substantially similar to the case at hand. Against this sketchy backdrop, any claim that the district court abused its discretion by not treating the proffered cases as fair congeners is doomed to failure.

To sum up, "the hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result." United States v. Rodríguez-Cruz, 997 F.3d 362, 366 (1st

Cir. 2021). On this record, the sentence imposed by the district court is beyond reproof; it is premised on a plausible sentencing rationale and it reaches a defensible below-the-range result. No more is exigible for us to find that the district court did not abuse its discretion in imposing a 292-month downwardly variant sentence.

**E**

The appellant's second challenge is based on the claim that neither he nor any lawyer on his behalf received notice of the government's motion to amend or correct the judgment to include $15,000 in restitution. At first glance, the contention that we should vacate the restitution order appears to have some validity. But there is a rub.

In Manrique v. United States, 581 U.S. 116, 118 (2017), the Supreme Court held that a notice of appeal was insufficient to confer appellate jurisdiction in a case involving restitution when the notice of appeal was "filed between the initial judgment and the amended judgment." The Court instructed that "a defendant who wishes to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from that order." Id. at 125.

Here, the appellant filed only a single notice of appeal. That notice was filed on April 25, 2023 — a month before the government asked the district court to amend its initial judgment

to include the $15,000 restitution award.  In short, the notice of appeal predated the deferred restitution award.

That ends this aspect of the matter.  Given the holding in Manrique, it is nose-on-the-face plain that we lack jurisdiction to consider the appellant's challenge to the restitution award. We therefore dismiss this challenge without prejudice.  See Rodríguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 162 (1st Cir. 2022) ("[A] dismissal on jurisdictional grounds, as opposed to a merits dismissal, should ordinarily be made without prejudice.").  We take no view as to either the enforceability of the restitution award or its vulnerability to, say, a belated appeal or some form of collateral attack.

## III

We need go no further.  For the reasons elucidated above, the appeal is <u>denied</u> in part and <u>dismissed</u> in part, albeit without prejudice, for want of appellate jurisdiction.  The judgment of the district court must then be <u>affirmed</u>.


**<u>So Ordered</u>**.

- 13 -