# United States Court of Appeals
## For the First Circuit

No. 14-1367

UNITED STATES OF AMERICA,

Appellee,

v.

JEAN C. FERNÁNDEZ-GARAY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Selya and Kayatta,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, Vivianne Marrero, Assistant Federal Public Defender, Supervisor Appeals Division, and Thomas Trebilcock-Horan, Assistant Federal Public Defender, on brief for appellant.
Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

May 20, 2015

**SELYA, Circuit Judge.** In this sentencing appeal, defendant-appellant Jean C. Fernández-Garay complains that his 120-month sentence is both procedurally and substantively flawed. Finding his complaints untenable, we affirm.

The events culminating in this appeal are embedded in a five-count indictment returned by a federal grand jury sitting in the District of Puerto Rico, which alleged that the defendant had possessed with intent to distribute various controlled substances near a public housing facility, see 21 U.S.C. §§ 841(a)(1), 860(a), and had possessed a firearm during and in relation to those crimes, see 18 U.S.C. § 924(c)(1)(A). On the cusp of trial, the defendant negotiated a plea agreement (the Agreement) with the government. In pursuance of the Agreement, he entered a guilty plea to a single count of possession of a firearm in furtherance of a drug-trafficking crime (an offense that carries a mandatory minimum sentence of 60 months' imprisonment). See id. § 924(c)(1)(A)(i). The other charges were later dismissed.

In the Agreement, the defendant acceded to the government's version of the facts. According to that account, federal agents and officers from the Puerto Rico Police Department (PRPD) were patrolling a known drug point located in the Sabana Abajo Public Housing Project in Carolina, Puerto Rico. At one point, an officer engaged in a chase encountered the defendant, who was masked and holding a .40 caliber Glock pistol in one hand and

-2-

a backpack in the other. The defendant ditched the gun and tried to flee, but he was soon apprehended.

Upon inspection, the gun was found to be loaded with an extended magazine. The backpack was found to contain an additional extended magazine, varying quantities of assorted drugs, and $680 in cash.

The presentence investigation report (PSI Report) augmented the government's version of the facts. Pertinently, the PSI Report noted that, before fleeing, the defendant pointed his gun at the PRPD officer and threw the backpack at him. The Report also more fully inventoried the contents of the backpack; in addition to the extended magazine and cash previously mentioned, the backpack contained 119 small baggies of marijuana, 119 small baggies of cocaine, 262 packages of heroin, 38 packages of crack, and three pills of indeterminate origin.

At the disposition hearing and in conformity with the Agreement, the parties jointly recommended a 60-month sentence. The district court proceeded to chronicle the relevant facts, relying mainly on the PSI Report. The court added that the defendant, at the time of his arrest, had in his possession a notebook that memorialized various drug sales. When all was said and done, the court sentenced the defendant to a 120-month term of immurement (double the mandatory minimum).

After the district court handed down the sentence, defense counsel began to object to the court's reliance on the fact that the defendant had pointed his weapon at an officer. The court cut off counsel's argument and then denied his request to "complete the record." This timely appeal ensued.[1]

In sentencing appeals, "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). With respect to claims of procedural error, we afford de novo review to the interpretation and application of the sentencing guidelines, evaluate the sentencing court's factfinding for clear error, and assay its judgment calls for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). When assessing the substantive reasonableness of a sentence, our review is for abuse of discretion and takes into account the totality of the circumstances. See Gall, 552 U.S. at 51; United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).

These standards of review may be altered by a party's failure to preserve claims of error in the district court. With

---

[1] The waiver-of-appeal provision contained in the Agreement does not pretermit the appeal because the district court did not sentence the defendant in accordance with the sentencing recommendation limned in the Agreement. See United States v. Fernández-Cabrera, 625 F.3d 48, 51 (1st Cir. 2010).

-4-

respect to unpreserved claims, appellate review is normally for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

Here, however, there is a wrinkle. A party's failure to spell out a claim in the district court may be excused if he had no reasonable opportunity to do so. See Fed. R. Crim. P. 51(b). This makes good sense: a court should not require a lawyer "to persist stubbornly when the judge has made it perfectly clear that he does not wish to hear what the lawyer has to say." United States v. Toribio-Lugo, 376 F.3d 33, 41 (1st Cir. 2004).

This exception is applicable here. At the conclusion of the disposition hearing, defense counsel attempted to object to the court's reliance on a particular fact. The court cut defense counsel's argument short, precluded further argument, and did not allow the lawyer to complete the record. We do not condone a district court acting in so peremptory a manner. As a result of the court's action, we cannot tell whether defense counsel would have sought to interpose further objections. What is transparently clear, however, is that the court's abrupt termination of the sentencing proceeding foreclosed defense counsel from doing so. We therefore treat all the defendant's claims of error as preserved.

Having clarified our standard of review, we move to the issues on appeal. The defendant couches his assault on his sentence as a challenge to its substantive reasonableness. It is

nose-on-the-face plain, however, that his argument is more nuanced. Read carefully, he advances four claims of procedural error as well as an overall plaint about the substantive reasonableness of his sentence. We subdivide our analysis accordingly.

Two of the defendant's procedural claims are related: he argues that the sentencing court erroneously took into account two facts that lacked adequate footing in the record. The first fact is that the defendant had pointed his gun at an officer. The second fact is the court's reference to a notebook, which it said contained a record of drug sales.

The first of these claims is hopeless. Although the government's version of the facts did not contain a description of the defendant pointing his gun at a PRPD officer, the PSI Report did contain such a description. "Generally, a [PSI Report] bears sufficient indicia of reliability to permit the district court to rely on it at sentencing." United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003) (internal quotation marks omitted). It follows that a sentencing court may base a finding on a fact asserted in a PSI Report as long as no objection has seasonably been made to that assertion. See United States v. Gallant, 306 F.3d 1181, 1188 n.5 (1st Cir. 2002); United States v. Diaz-Villafane, 874 F.2d 43, 46 n.2 (1st Cir. 1989); see also Fed. R. Crim. P. 32(i)(3)(A).

Objections to a PSI Report ordinarily must be made before the commencement of the disposition hearing. See Fed. R. Crim. P.

32(f)(1) (requiring parties to object within 14 days of receipt of the PSI Report). In this case, the defendant did not file a timely objection to the PSI Report's assertion that he pointed his gun at a police officer. Consequently, the sentencing court could properly find this fact based on the account contained in the PSI Report.

The sentencing court's reference to the notebook is a horse of a different hue. The genesis of the court's comment is uncertain: the only record reference to such a notebook is contained in a cryptic notice of intent to use evidence filed during the period of skirmishing that preceded the defendant's change of plea. See Fed. R. Crim. P. 12(b)(4). The notebook itself is not part of the record; its contents are nowhere described; and both the Agreement and the PSI Report are mute on the subject.

It is common ground that a defendant must be afforded a reasonable opportunity to respond to the facts used against him at sentencing. See United States v. Millán-Isaac, 749 F.3d 57, 70 (1st Cir. 2014); see also USSG §6A1.3(a). To ensure that opportunity, a judge should refrain from pulling sentencing facts — like so many rabbits out of so many hats — from beyond the sentencing record.

Here, the sentencing court palpably erred by alluding to a purported fact (the notebook and its content) as to which the

defendant had no notice.  Still, not every error demands vacation of a sentence: an error is deemed harmless if a reviewing court can say with fair assurance that the sentencing court "would have imposed the same sentence even without the error."  United States v. Tavares, 705 F.3d 4, 25 (1st Cir. 2013) (internal quotation mark omitted) (citing Williams v. United States, 503 U.S. 193, 202-03 (1992)); see Fed. R. Crim. P. 52(a).

In this instance, the notebook seems little more than an afterthought in the court's explication of the sentence.  And given the varieties and quantities of drugs contained in the defendant's backpack, any mention of drug sales in a notebook was obviously cumulative.  See, e.g., United States v. Anderson, 189 F.3d 1201, 1214 (10th Cir. 1999).  Because the record gives us complete confidence that the district court would have imposed the same sentence had it eschewed any consideration of the notebook, the error was harmless.

The defendant's penultimate claim of procedural error posits that the court below did not adequately consider all the statutory sentencing factors.  See 18 U.S.C. § 3553(a). This claim founders on the shoals of our case law.  We have held with a regularity bordering on the monotonous that even though "a sentencing court must consider all relevant section 3553(a) factors, it need not do so mechanically."  Clogston, 662 F.3d at 592 (internal quotation marks omitted).  In other words, the court

"is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006).

In the case at hand, the sentencing court vouchsafed that it had considered the section 3553(a) factors. This statement itself "is entitled to some weight." Clogston, 662 F.3d at 592 (internal quotation marks omitted). Here, moreover, the record gives every indication that the court said what it meant and meant what it said. The court referred to the defendant's personal history and characteristics, see 18 U.S.C. § 3553(a)(1), noting for example that he had two daughters and had worked to obtain a high-school equivalency diploma while in prison.

The court likewise discussed the nature and seriousness of the offense, see id. §§ 3553(a)(1), (a)(2)(A), commenting specifically on the large quantity of drugs and ammunition in the defendant's custody, together with his possession of a high-firepower weapon. This recitation, though not exhaustive, sufficiently illustrates that the district court paid due heed to the section 3553(a) factors.

The defendant's last claim of procedural error posits that the court below did not adequately explain the sentence. This claim implicates 18 U.S.C. § 3553(c), which provides in pertinent part that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular

sentence."  We have held that "[w]hile the court ordinarily should identify the main factors upon which it relies, its statement need not be either lengthy or detailed."  United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).  Put another way, the sentencing court's explanation need not "be precise to the point of pedantry."  Id.

The record makes manifest that the district court premised the defendant's sentence on a panoply of facts to which it alluded in open court immediately before imposing the sentence. The court's statements emphasized that the offense of conviction was quite serious: the defendant carried a firearm equipped with an extended magazine, pointed it at a PRPD officer, held for sale sizeable quantities of various types of drugs, fled when confronted, and tried to hide his identity. Reading the sentencing transcript in its entirety, it cannot plausibly be said that the sentencing court failed adequately to state its reasons for choosing its upwardly variant sentence.[2]

The universal failure of the defendant's procedural claims brings us to his plaint about the substantive reasonableness of the sentence.  A sentence is substantively reasonable so long as

---

[2] There is no developed argumentation in the defendant's brief that in any way implicates 18 U.S.C. § 3553(c)(2) (a statutory provision that requires a written statement of reasons for a sentence outside the guideline sentencing range).  Any such claim is, therefore, waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

it rests on "a plausible sentencing rationale" and exemplifies "a defensible result." Martin, 520 F.3d at 96; see United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc). The guidelines, though advisory, constitute a starting point for the fashioning of a sentence. See Jiménez-Beltre, 440 F.3d at 518-19. But where, as here, the court imposes a sentence that varies from the guideline range, the nature and circumstances of the offense and/or the characteristics of the offender "must justify a variance of the magnitude in question." Martin, 520 F.3d at 91. A major variance "should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50.

In this instance, the mandatory minimum sentence — 60 months — is the guideline sentence. See United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015); USSG §2K2.4(b). The district court's decision to vary sharply upward and double the mandatory minimum represents a significant adjustment — but the court's stated justification seems equally significant. At the expense of repeating what we previously said, the defendant, masked, instigated a police chase; brandished a high-firepower weapon that he pointed at an officer; and set himself up to provide one-stop shopping for drug purchasers. Viewed against this grim backdrop, we cannot say that the district court abused its discretion either in determining that the guideline sentence did not respond adequately to the seriousness of the offense of

-11-

conviction or in imposing a substantially stiffer sentence.  See, e.g., United States v. Díaz-Bermúdez, 778 F.3d 309, 313-14 (1st Cir. 2015) (collecting cases).

As a fallback, the defendant complains that the district court's sentencing calculus impermissibly took account of the conduct underlying the four drug-trafficking counts that were dismissed as part of his plea negotiation.  This complaint lacks force: the conduct underlying the dismissed counts was conduct relevant to the offense of conviction.  See USSG §1B1.3(a)(1).  A sentencing court may take into account relevant conduct underlying counts dismissed as part of a plea negotiation as long as that conduct was not used in constructing the defendant's guideline range.  See id. §1B1.4, comment. (backg'd.) ("For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range and may provide a reason for an upward departure."); cf. id. §5K2.21 (explaining that an upward departure may be justified "to reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a plea agreement in the case").  There was no error.

We need go no further.  For the reasons elucidated above, the sentence is

**Affirmed**.