# United States Court of Appeals
## For the First Circuit

No. 14-1944

UNITED STATES OF AMERICA,

Appellee,

v.

MARCELINO GUZMAN-MONTANEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Lipez, and Kayatta,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, District of Puerto Rico, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Liza L. Rosado-Rodriguez, Research and Writing Specialist, on brief for appellant.

Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Susan Z. Jorgensen, Assistant United States Attorney, on brief for appellee.

December 22, 2015

**LYNCH**, **Circuit Judge**.    Marcelino Guzman-Montanez was convicted of being a felon in possession of a firearm after being arrested in circumstances that, as the district court found, suggested an "obvious intention of committing an armed robbery." In a previous appeal, we vacated one count of conviction and remanded for resentencing.  United States v. Guzmán-Montañez, 756 F.3d 1, 12 (1st Cir. 2014).  On appeal from resentencing, Guzman-Montanez challenges the procedural and substantive reasonableness of his upwardly variant sentence.  We affirm.

## I.

The facts underlying this case are set forth in detail in our previous opinion.  Id. at 3-5.  On March 14, 2012, a restaurant owner in Bayamón, Puerto Rico, alerted the police after turning away two suspicious customers, one of whom appeared to be carrying a gun.  Descriptions of the men and their car were broadcast over police radio in connection with the event, characterized as an attempted robbery.  Police patrolling the area saw two men who matched the description enter a fast food restaurant, with the man later identified as Guzman-Montanez carrying a black pistol in his waistband.  When marked police cars arrived, Guzman-Montanez quickly left the food-ordering line and entered the bathroom.  As Guzman-Montanez left the bathroom, police entered the restaurant and apprehended both men.  Guzman-Montanez was no longer carrying a gun in his waistband at that time, but

the police searched the bathroom and found a loaded pistol in the diaper changing station.

On March 28, 2012, Guzman-Montanez was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2)(A). On July 18, 2012, Guzman-Montanez was convicted of both counts after a three-day jury trial.

The presentence report (PSR) grouped the two counts into a combined offense level because the counts involved the same victim and the same act or transaction. U.S.S.G. §§ 3D1.1, 3D1.2(a). The PSR recommended a combined base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6). A two-level enhancement for the stolen firearm yielded a total offense level of 16. U.S.S.G. § 2K2.1(b)(4)(A). The PSR noted that Guzman-Montanez had been convicted in 2001 of illegal appropriation of a vehicle, robbery, carjacking, and unlicensed possession of a firearm, and that he had served a suspended sentence. However, those prior convictions counted for zero criminal history points because the sentences for those prior convictions were imposed more than ten years before the instant offense. U.S.S.G. § 4A1.2(e). Based on a total offense level of 16 and a criminal history category of I, the guideline sentencing range was 21 to 27 months of imprisonment. The government sought an upward departure or variance to produce

a sentence of 72 months of imprisonment.  Citing Guzman-Montanez's criminal history and the nature of the offense, the district court imposed an upwardly variant sentence of 60 months of imprisonment.

On June 13, 2014, we reversed the conviction on count two on the basis of insufficient evidence that Guzman-Montanez knew or reasonably should have known that he was in a school zone. Guzmán-Montañez, 756 F.3d at 10-12.  We affirmed the conviction on count one and remanded for resentencing.  Id. at 12.

At resentencing, the district court again imposed an upwardly variant sentence of 60 months of imprisonment.  The district court reasoned, as it had before, that Guzman-Montanez's criminal history was "substantially underrepresented" and that at the time of the instant offense, he had the "obvious intention of committing an armed robbery."

## II.

In sentencing appeals, we first review claims of procedural error, applying de novo review to questions of law, a clear error standard to factfinding, and an abuse of discretion standard to judgment calls. United States v. Fernández-Garay, 788 F.3d 1, 3 (1st Cir. 2015).  We then review substantive reasonableness for abuse of discretion.  Id.

Guzman-Montanez argues that the district court committed procedural error by not explaining why it again imposed a 60-month sentence on resentencing.  He suggests that because the reversed

conviction for possessing a firearm in a school zone required a consecutive sentence, 18 U.S.C. § 924(a)(4), the original 60-month sentence must have included a term exclusive to the reversed count. He claims that because his sentence was not reduced by some unspecified portion of the original sentence that was tied exclusively to the dismissed school zone charge, the sentence he received on resentencing was effectively harsher than the original sentence. He argues that the district court did not explain why it was giving what he calls a harsher sentence and that, if anything, his record of good prison behavior since the original sentencing should have resulted in a more lenient sentence.

However, the reversal of the school zone charge did not change the applicable base offense level, the criminal history category, or the resulting guideline sentencing range. Nor did the school zone charge have any mandatory minimum sentence that was lifted as a result of our court's prior decision. 18 U.S.C. § 924(a)(4). Hence, we cannot presume that the prior sentence for possession of a gun by a felon was itself for less than 60 months.

The district court took all the steps necessary to properly explain the sentence it imposed. The district court began by correctly calculating the guideline sentencing range and then clearly stating on the record that it had considered the sentencing factors set out in 18 U.S.C. § 3553(a). See United States v. Arroyo-Maldonado, 791 F.3d 193, 199 (1st Cir. 2015). The district

court then briefly described Guzman-Montanez's background and explained that, taking into consideration the "violent nature" of his previous state convictions and the way the instant offense signaled the possibility of "further violent acts" in the future, his criminal history was "substantially underrepresented" in the guideline sentence. The district court concluded that an upwardly variant sentence was appropriate to reflect the seriousness of the offense, to protect the public, to deter, and to punish. That explanation was adequate even considering that a substantial deviation from the guidelines requires a more significant justification than a slight deviation does. United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008). "While the court ordinarily should identify the main factors upon which it relies, its statement need not be either lengthy or detailed" or "precise to the point of pedantry." United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).

Guzman-Montanez also argues that the sentence was substantively unreasonable in light of the fact that he had a clean record for more than ten years until the instant conviction, and that he had a clean disciplinary record in prison since the time of the first sentencing. However, given the nature and seriousness of the offense, particularly the danger of violence to the public, there was no abuse of discretion in the district court's determination that an upward variance was warranted. Because "a

sentencing court is not required to address frontally every argument advanced by the parties," it was not error that the court did not specifically address Guzman-Montanez's clean disciplinary record in prison.  Id.

III.

We affirm.

- 7 -