# United States Court of Appeals
## For the First Circuit

No. 18-1400

JEAN C. FERNANDEZ-GARAY,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and McElroy,* District Judge.

Tim Bower Rodriguez on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

April 30, 2021

---

* Of the District of Rhode Island, sitting by designation.

**MCELROY, <u>District Judge</u>.** Habeas Petitioner Appellant Jean C. Fernandez-Garay ("Fernandez" or "petitioner") pled guilty to one count of possession of a firearm in connection with a drug trafficking crime and entered into a plea agreement with the government which included a sixty-month joint sentencing recommendation. The Presentence Investigation Report ("PSR") provided to the district court by the United States Probation Office included two accounts of Fernandez's violative conduct under 18 U.S.C. § 924(c)(1)(A). One account reflected the facts recited in the plea agreement ("plea version") and the second version included facts found by the probation officer ("probation version"). The difference between these versions concerns petitioner's alleged conduct in handling the firearm. Trial counsel for Fernandez made no objection to the probation version contained in the PSR before the sentencing hearing.

At sentencing, the district court imposed a 120-month sentence instead of the mandatory minimum sentence of sixty months that was recommended by both parties. Following a direct sentencing appeal in which this Court affirmed the 120-month sentence, Fernandez filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence, asserting ineffective assistance of counsel for his attorney's failure to object to the discrepancy between the two versions of events

contained in the PSR.  The district court denied the relief sought and declined to issue a certificate of appealability, finding that our previous decision was "law of the case" and precluded Fernandez from relitigating the issue in the § 2255 petition.  This Court granted a certificate of appealability as to petitioner's claim of ineffective assistance of counsel.  Fernandez asks us to reverse the trial court and remand with instructions to vacate the sentence, to order a new PSR, and to hold a new sentencing hearing or, in the alternative, to remand the case for an evidentiary hearing.

For the following reasons, we affirm the denial of the petition but, as will become clear, we do so for a different reason than that given by the district court.

Background

In 2012, members of the Puerto Rico Police Department and Agents of the United States Department of Homeland Security arrested Fernandez and a grand jury indicted him for drug offenses and possession of a firearm.  At the time of his arrest Fernandez was wearing a mask, carrying a backpack containing drugs and an

extended magazine of bullets, and holding a gun, which he threw to the ground as he tried to evade police.[1]

In 2013, just before his trial was set to begin, Fernandez entered into a plea agreement and pled guilty to possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A). The parties agreed to a joint recommendation of a sixty-month prison sentence, the mandatory minimum. Prior to the sentencing hearing, a PSR was submitted to the district court that included two different versions of the gun possession facts. The plea version, reflecting the facts contained in the agreement, described a masked Fernandez holding a backpack containing drugs and an extended magazine for a gun in one hand and carrying a Glock handgun in the other. The PSR also included the probation version that mirrored the plea version with two exceptions. The first, not important here, detailed the specific drug quantities contained in the backpack. The second, the focus of his habeas argument, described Fernandez *pointing* the

---

[1] The facts of the underlying criminal case have been thoroughly described in United States v. Fernandez-Garay, 788 F.3d 1 (1st Cir. 2015), in which this Court affirmed petitioner's sentence on direct appeal. In this opinion, we refer only to those facts pertinent to the issue before us.

gun at a police officer before turning to run.[2]  Trial counsel for Fernandez made no objection to the "pointed gun" described in the PSR.

At sentencing, and relying on the facts included in the PSR, the district court imposed a 120-month prison sentence, rejecting the joint recommendation of the sixty-month mandatory minimum sentence of imprisonment.  The trial judge offered the following explanation at sentencing:

> Before the Court is a 25-year-old U.S. citizen.  Mr. Fernandez has four previous dismissed cases and one acquitted at state level.  He has ten siblings, and he has a relationship -- an absent relationship with his father for the past two years.  He's also the father of two young daughters.  He had an 11th grade high school education but has earned his GED while being incarcerated. Nonetheless, the Court also takes into consideration the seriousness of the offense charged.
>
> This defendant was wearing a . . . mask, was hiding his identity.  He was carrying a .40 caliber Glock pistol loaded with an extended magazine containing 22 rounds of .40 caliber ammunition.  And he also had a backpack containing 22 rounds of .40 caliber ammunition -- I'm sorry, in a backpack containing 119 small bags of marijuana, 119 small bags of cocaine, 262 parcels of heroin,

---

[2] This version finds factual support in the record.  First, the affidavit included in the original criminal complaint alleges Fernandez pointed his gun at the police officer before dropping his backpack.  Second, the probation officer confirmed that allegation with the arresting officer, who corroborated the affidavit.  Third, Fernandez admitted in his own affidavit that he "showed" his gun to deter an attack from an approaching individual, who turned out to be the arresting officer.

- 5 -

> 38 parcels of crack, and three pills of an unknown substance. A small notebook was also in the backpack, which contained assorted drug sales.
>
> Finally, during the intervention of the police, Mr. Fernandez also pointed the gun that he was carrying at a Police of Puerto Rico officer and threw the backpack towards the officer. The officer ran after him, at which point he saw Mr. Fernandez throwing the gun to the ground.
>
> Therefore, it is the judgment of this Court that Mr. Fernandez-Garay is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months.

Only after the district court pronounced its sentence did defense counsel object to the PSR description of Fernandez "pointing" the gun. The district judge cut off trial counsel's objections and Fernandez appealed his sentence on both procedural and substantive grounds. Fernandez-Garay, 788 F.3d at 2. After careful review, this Court affirmed.[3]

---

[3] In considering the direct sentencing appeal, this Court analyzed the petitioner's four procedural arguments and overall substantive attack on the reasonableness of the sentence. First, we determined that the district court could, and did, properly rely upon the PSR despite its reference to Fernandez having "pointed his gun at an officer," because counsel neglected to make a timely objection to the PSR under Federal Rule of Criminal Procedure 32. Fernandez-Garay, 788 F.3d at 4. Next, while we agreed that the district court erred in its reference to a notebook that was not part of the sentencing record, we concluded that the record – absent the notebook "afterthought" – did provide sufficient support for the sentence given the seriousness of the offenses. Id. at 4-5. Third, we were unmoved by the argument that the district court had not considered all statutory sentencing factors because a mechanical application is not required, and the record reflects the district court's sufficient assessment of all

- 6 -

Fernandez then filed a petition for habeas corpus[4] with the district court and sought to vacate his conviction and sentence based upon ineffective assistance of counsel pursuant to § 2255. The district court denied the petition. Although the district court identified the two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim, it did not undertake the analysis established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Concluding, at

---

the circumstances that led to its sentencing determination. Id. at 5-6. Finally, as to the argument that the trial court failed to adequately explain the sentence, we considered the substantive reasonableness of the sentence and the district court's rationale and found that it satisfied the plausibility standard. Id. at 6-7. We recognized "a panoply of facts to which [the trial court] alluded in open court immediately before imposing the sentence" and concluded that they supported the substantive reasonableness of the 120-month term of imprisonment. Id. at 6. We could not find that the "court failed to adequately state its reasons for choosing its upwardly variant sentence." Id. at 6. Although Fernandez attempted to impugn the trial judge's review of the conduct related to the counts that were dismissed as part of the plea agreement, we determined that no error occurred because such conduct may be assessed "as long as [it] was not used in construing the defendant's guideline range." Id. at 7 (citing USSG § 1B1.4) comment. (backg'd.)

[4] In addition to the ineffective assistance of counsel claims, Fernandez's habeas petition alleged that "the government failed to abide by the sentencing recommendation stipulated in the plea agreement." Fernandez-Garay v. United States, No. 16-1058 (PG), 2018 WL 1662566, at *2 (D.P.R. Apr. 4, 2018). As to this claim, the district court considered the record and found that the government "complied with the [plea] agreement" and had stood by the sixty-month recommendation. Id. at *4.

- 7 -

least in part,[5] that Fernandez was attempting to relitigate the reasonableness of his sentence and the court's use of the PSR facts, issues already decided by this Court on direct appeal, the trial court determined that the law of the case doctrine barred Fernandez from "a second bite at the apple."

While we agree that the law of the case doctrine applies to previously litigated issues, we disagree with the trial court's application of that principle to petitioner's ineffective assistance claim. Fernandez has not previously sought relief for ineffective assistance of counsel. This is his first bite at that particular apple.

Standard of Review

We granted a certificate of appealability with respect to the claim in the § 2255 petition that counsel provided ineffective assistance by failing to make a timely objection to the PSR writer's conclusion that the petitioner had pointed a firearm at a police officer. We undertake a *de novo* review of the district court's legal conclusions and apply a clear error standard to its factual findings. Cody v. United States, 249 F.3d 47, 52

---

[5] With respect to Fernandez's argument that trial counsel failed to conduct an independent investigation regarding whether the gun was pointed, the district court concluded that the same facts would have nevertheless been included in the PSR. The trial judge deemed the claim "conclusory, underdeveloped and unsupported by evidence" in the record. Fernandez-Garay, 2018 WL 1662566 at *4.

- 8 -

(1st Cir. 2001) (citing Familia-Consoro v. United States, 160 F.3d 761, 764-65 (1st Cir. 1998)).

Discussion

The right to legal representation in a criminal proceeding, and by extension the right to a fair trial, "plays a crucial role in the adversarial system embodied in the Sixth Amendment" because access to a lawyer enables the defendant to "meet" the government's case. Strickland, 466 U.S. at 685. It is not enough, however, to be an attorney in name only. Instead, attorneys must deliver, at minimum, "effective" representation or "adequate legal assistance" to their clients. Id. at 686 (quoting Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). Effective assistance is due at all "'critical stages of a criminal proceeding,' including when [the defendant] enters a guilty plea." Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting Lafler v. Cooper, 566 U.S. 156, 165 (2012)).

When the adequacy of representation is called into question, the Supreme Court directs a two-part inquiry to test whether "counsel's assistance was so defective as to require reversal of a conviction . . . ." Strickland, 466 U.S. at 687. A court must "first determine whether counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466

U.S. at 688). Next, "we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). To prevail, a petitioner must "make[] both showings" under Strickland, otherwise "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." 466 U.S. at 687.

On appeal, Fernandez maintains that defense counsel's failure to make a timely objection to the PSR amounted to deficient representation. But for that error, he argues, a series of events could have combined to create the probability of a lesser sentence. Had his attorney properly objected, the district court would have addressed and, in his estimation, likely corrected the "misstatement" in the PSR that Fernandez had pointed the gun at a police officer. In turn, he urges, the district court would have had before it a PSR that accurately reflected the government's case, the plea agreement, and the joint recommendation for the mandatory minimum sixty-month sentence.

On direct appeal of petitioner's sentence, we addressed the trial court's reliance on the PSR (including the "pointed gun" fact) and explained that any objections to such reports "must be made *before*" the sentencing hearing. Fernandez-Garay, 788 F.3d

- 10 -

at 4 (emphasis in original).  Because trial counsel failed to object within the 14-day window provided by Rule 32(f)(1), we held the trial judge properly relied on the report as written.  Id.  Picking up that baton, Fernandez presses for a finding that he received ineffective assistance during his sentencing because his attorney neglected to object as required under the Federal Rules of Criminal Procedure.

### Strickland Prong One: Reasonableness

In assessing whether counsel's representation fell below the reasonableness standard, the Supreme Court has established a two-prong approach.  "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  The question here is whether petitioner's trial attorney committed so serious an error as to be dysfunctional when he neglected to raise an objection to the PSR.

However, we need not assess the "performance component" under Strickland when "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . ." as is often the case.  Id. at 697.  We find this appeal to be one such case.

Strickland Prong Two: Prejudice

The second Strickland prong requires that a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court articulates the varying effects of such errors as follows:

> Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Id. at 695-96.

Without deciding whether petitioner's trial counsel failed to meet reasonable professional standards, the prejudice prong seals the fate of this appeal. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691 (citing United States v. Morrison, 449 U.S. 361, 364-65 (1981)). Here, the statute provides for a minimum of sixty months and a maximum of life in prison for violating §924(c)(1)(A) with the mandatory minimum being the guideline

- 12 -

sentence.[6]  Among the "panoply of facts" in this case, we must determine whether there is a probability that but for the "pointed gun" reference the outcome would have been different.

Fernandez argues that an objection to the PSR and an investigation into the "pointed gun" statement had the probable potential to reduce his sentence by half.  According to Fernandez, his trial attorney's failure to object to the "pointed gun" led to the longer sentence.  He urges that "had trial counsel objected to the misstatement, a reasonable probability exists that the misstatement would have been stricken from the PSR."

Petitioner asks us to make several assumptions to find prejudice.  First, Fernandez argues that "throughout the proceedings" and within the plea agreement the government "took the position it could prove only that [petitioner] possessed a firearm and nothing further."  Because the PSR described the government's position that he merely possessed the firearm and had not pointed it at anyone, Fernandez next asks us to infer that the government "was maintaining its position" and "could not prove he pointed a firearm at an officer."  He argues that, with the

---

[6] In our previous analysis of the district court's sentence, we explained that in this case "the mandatory minimum sentence--60 months--is the guideline sentence." Fernandez-Garay, 788 F.3d at 6 (citing United States v. Rivera-González, 776 F. 3d 45, 49 (1st Cir. 2015); USSG § 2K2.4(b)).

government's stance so acknowledged, it was "objectively unreasonable" for his attorney not to object to the probation version. From there, Fernandez asks that we follow him a bit farther and make the third assumption that *if* his trial counsel had objected there is a reasonable probability that either the government would have:

> (1) joined defense counsel's objection, (2) not contested the objection or offered any evidence in support of the probation officer's statement, or (3) unsuccessfully contested the objection because it had waived any right to do so, and, in any event, taken the position it couldn't prove Mr. Fernandez-Garay pointed a firearm at anyone thereby making it reasonably probable it could not have successfully contested an objection to the misstatement by its own admission.

Petitioner contends that, if trial counsel objected, there is a reasonable probability that the PSR would have been "corrected" and, therefore, a reasonable probability that the trial judge would have imposed a shorter sentence. Although Fernandez places significant emphasis on each of these probabilities, he has offered nothing more than conclusory assertions. Most important among them is Fernandez's implicit assertion that the description of the "pointed" gun is wrong, and that an inquiry would have shown it to be a misstatement. While he calls it a "misstatement," he points to nothing in the record to support his version of the truth. Indeed, the record weighs against Fernandez with factual

support from the affidavit in the criminal complaint, from the probation officer's investigative efforts, and from the petitioner's own sworn account reinforcing the probation version of events.

Conclusion

In reviewing the record, we remain confident that Fernandez has not been prejudiced by trial counsel's failure to object. First, and as discussed as part of our consideration of petitioner's direct appeal, the trial judge's sentencing decision relied on many more factors than the pointing of the gun. Even without an allegation that the gun was pointed, Fernandez was masked, armed with a high-firepower handgun and plenty of ammunition, had "set himself up to provide one-stop shopping" for a variety of drugs, led police on a chase, and attempted to flee. Fernandez-Garay, 788 F.3d at 6. Second, those facts amply support the sentence imposed, and Fernandez makes no argument to the contrary. Finally, and as we have set out, the record provided strong support that petitioner did point the gun at the officer. We therefore affirm the district court's denial of petitioner's §2255 motion to vacate his sentence.