**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>JAWAD NESHEIWAT,<br><br>        Defendant-Appellant,<br><br> and<br><br>CHOU TEAM REALTY, LLC, FKA Chou Team Realty, Inc., DBA Monster Loans, DBA MonsterLoans; et al.,<br><br>        Defendants. | No.   21-56052<br><br>D.C. No.<br>8:20-cv-00043-SB-ADS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted November 17, 2022**
Pasadena, California

---

      \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY,*** District Judge.

Jawad Nesheiwat (Nesheiwat) appeals the district court's grant of summary judgment and its award of restitution, civil penalties, and injunctive relief to the Consumer Protection Financial Bureau (CFPB). As the parties are familiar with the facts, we do not restate them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. There are no genuine disputes of material facts regarding Nesheiwat's liability under provisions of the Financial Credit Reporting Act (FCRA), 12 U.S.C. § 1681b(f)(1), the Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310.3(a)(2)(x), (a)(5), and the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5536(a)(1)(B), (a)(3). Nesheiwat's baseless evidentiary objections, bald assertions that a jury could find other individuals ultimately (or similarly) responsible, and various procedural challenges are unavailing.

1.      Undisputed record evidence shows that Nesheiwat recklessly violated the FCRA by using and obtaining consumer reports for unauthorized purposes. 12 U.S.C. § 1681b(f)(1). Nesheiwat played a central role in a scheme to obtain prescreened lists of student loan borrowers under false pretenses, purporting to extend a "firm offer of credit or insurance," *id.* § 1681b(c)(1)(B)(i), but in fact

---

***      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

marketing false debt relief services offered through student loan debt relief (SLDR) companies. Nesheiwat knew these lists were used for an unauthorized purpose and instructed employees to prepare fraudulent "compliant mailers" to avoid detection by regulators.

2.    Undisputed record evidence shows that Nesheiwat recklessly violated the TSR by charging advance fees to individuals for debt relief services, 16 C.F.R. § 310.4(a)(5), and misrepresenting material aspects of such services, *id.* § 310.3(a)(2)(x). Nesheiwat is individually liable for corporate violations of the TSR because "(1) he participated directly in the [unlawful] acts *or* had the authority to control them and (2) he had knowledge of [such conduct] . . . or was aware of a high probability of" such conduct and "intentional[ly] avoid[ed] . . . the truth." *FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009).

Nesheiwat edited and approved telemarketing scripts for the SLDR companies. He directed managers at such companies to use these scripts, which instructed sales associates to collect advance fees, and materially misrepresented the SLDR companies' services—promising false benefits such as lower interest rates and improved credit scores.

Nesheiwat provided "substantial assistance" to the SLDR companies in violating both provisions of the TSR. 16 C.F.R. § 310.3(b). First, neither party disputes that the SLDR companies violated the TSR. Second, Nesheiwat provided

3

more than mere "casual or incidental" assistance to the companies by approving and editing telemarketing scripts. *FTC v. Chapman*, 714 F.3d 1211, 1216–17 (10th Cir. 2013). Third, undisputed evidence shows that Nesheiwat knew, or consciously avoided knowing, that the companies were violating the TSR.

3. Undisputed record evidence shows that Nesheiwat violated the CFPA. Evidence of Nesheiwat's role in the SLDR companies' telemarketing program makes out a basis for liability under both the deceptive acts provision of the TSR, 16 C.F.R. § 310.3(a)(2)(x), and a related provision of the CFPA, 12 U.S.C. § 5536(a)(1)(B). Additionally, Nesheiwat played a central role in the companies' direct mail marketing, using contact information obtained in violation of the FCRA to encourage consumers to call in. These mailers misrepresented material aspects of the SDLR companies' debt relief services in a manner "likely to mislead consumers acting reasonably under the circumstances," *CFPB v. Gordon*, 819 F.3d 1179, 1192–93 (9th Cir. 2016) (citing *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994)), by touting lower interest rates, improved credit scores, and false claims that the Department of Education would become consumers' new loan servicer.

Nesheiwat is individually liable for corporate violations of the CFPA. *Gordon*, 819 F.3d at 1193. He "participated directly" in these deceptive practices and "had the authority to control them." *Id.* (quoting *Stefanchik*, 559 F.3d at 931).

4

Nesheiwat was also "recklessly indifferent to the truth or falsity of the misrepresentations," *id.*, and did not attempt to verify the truthfulness of statements in SLDR companies' telemarketing and direct mail materials.

Nesheiwat provided substantial assistance to the SLDR companies in violating the CFPA. Our analysis regarding Nesheiwat's liability for substantial assistance under the TSR largely tracks our analysis under the CFPA. First, neither party disputes that the SLDR companies violated the CFPA by making false promises to consumers via direct mail and sales calls. Second, Nesheiwat provided substantially more than "mere casual or incidental" assistance to the companies in their marketing program. *Chapman*, 714 F.3d at 1216–17. Third, undisputed evidence shows that Nesheiwat acted recklessly by failing to verify the truthfulness of the SLDR companies' marketing materials.

4. Nesheiwat asserts that CFPB filed this action outside the CFPA's three-year statute of limitations. 12 U.S.C. §§ 5564(b), (g)(1). He "bears the burden of proving that the plaintiff filed beyond the limitations period." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007) (citations omitted). By merely gesturing at a handful of consumer complaints submitted to CFPB, he fails to carry his burden . At most, the 24 consumer complaints he identifies disclose some elements of the SLDR companies' violations of the FCRA, TSR, and CFPA. None identifies Nesheiwat by name. Nesheiwat provides

5

no evidence that CFPB was aware of these complaints. Standing alone, they offer no insight into CFPB's "date of discovery." 12 U.S.C. § 5564(g)(1).

5. The district court did not abuse its discretion in ordering restitution, civil penalties, and injunctive relief. To calculate restitution, the district court faithfully applied our circuit's "two-step burden-shifting framework." *Gordon*, 819 F.3d at 1195. At step one, CFPB bore its "burden of proving that the amount it seeks in restitution reasonably approximates the defendant's unjust gains," measured as net revenue. *Id.* (citation omitted). CFPB relied on undisputed evidence to calculate net revenue: the amount of fees charged to consumers minus refunds—$19,699,870. At step two, Nesheiwat failed to "demonstrate that the net revenues figure overstates the defendant's unjust gains." *Id*. The district court awarded "legal restitution" to CFPB. Accordingly, we need not decide what impact, if any, the Supreme Court's holding in *Liu v. SEC*, 140 S. Ct. 1936 (2020), has on this appeal.

6. The district court did not abuse its discretion in imposing second-tier civil penalties for Nesheiwat's reckless violations of Federal consumer financial law. 12 U.S.C. § 5565(c)(2)(B); 12 C.F.R. § 1083.1(a). Nesheiwat offers no legal argument to contest the district court's award, instead asserting that such penalties are "seriously and unjustifiably disproportionate to the penalties imposed against" other defendants. He has waived his challenge. *United States v. Cazares,* 788 F.3d

6

956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review."); Fed. R. App. P. 28(a)(8)(A).

7. The district court did not abuse its discretion in granting a permanent injunction "broad[] enough to prevent [the defendant] from engaging in similarly illegal practices in [the] future." *Litton Indus., Inc. v. FTC*, 676 F.2d 364, 370 (9th Cir. 1982) (quoting *FTC v. Colgate-Palmolive Co.,* 380 U.S. 374, 395 (1965)). Fencing-in provisions, such as restrictions on an individual's ability to work in a specific industry, "will be upheld so long as [they] bear[] a 'reasonable relation to the unlawful practices found to exist.'" *FTC v. Grant Connect, LLC.*, 763 F.3d 1094, 1105 (9th Cir. 2014) (quoting *Colgate-Palmolive*, 380 U.S. at 394–95). Nesheiwat "acted in blatant and utter disregard of the law." *Litton Indus.*, 676 F.2d at 371. Nesheiwat's "elaborate and wide-ranging" unlawful conduct spanned multiple industries. Accordingly, the district court did not abuse its discretion in barring Nesheiwat from engaging in debt relief, mortgage loans, and telemarketing services, and obtaining consumer data.

8. We deem Nesheiwat's other challenges to the district court's holding waived. Nesheiwat waived his challenges to the court's Local Rules and standing order on summary judgment. *See Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) (issues raised in captions in brief which are not supported by argument are waived). He also waived challenges to the district court's denial of

7

his evidentiary objections. *See Palmer v. IRS*, 116 F.3d 1309, 1312–13 (9th Cir. 1997) (issue raised in motion that district court refused to consider "because it was untimely and in contravention of local rules" which a party does not appeal is waived).

**AFFIRMED**.