NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERICK ANTHONY ELLIS, Jr., AKA
Kameron Gordon,

Defendant - Appellant.

No. 24-3575

D.C. No.
2:22-cr-00298-SB-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted July 17, 2025[**]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Erick Anthony Ellis, Jr., appeals his jury conviction for possession with

intent to distribute more than five kilograms of cocaine and distribution of cocaine

within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ellis challenges his conviction on three grounds. First, he argues that the government knowingly relied on false testimony at trial in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). Second, he argues that the district court violated his Confrontation Clause rights by deeming inadmissible testimony about Michigan state identification cards and driver's licenses. Third, he argues that police officers violated his Fourth Amendment rights when they searched his car without a warrant. We have jurisdiction under 28 U.S.C. § 1291 and affirm Ellis's conviction.

1. Ellis argues that his due-process rights were violated under *Napue* when Sergeant Alvaro Ruiz testified about the form of identification that Ellis presented during the traffic stop that led to his arrest. We review due-process claims under *Napue* de novo, *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 829 (9th Cir. 2024), and factual determinations underlying the ruling for clear error, *United States v. Renzi*, 769 F.3d 731, 751 (9th Cir. 2014). To prove a due-process violation based on *Napue*, a defendant "must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).

Ellis has not conclusively demonstrated that Sergeant Ruiz's testimony was actually false nor that the prosecution knew or should have known that the

testimony was false.  Even if Ellis had shown actual falsity and knowledge, he has not established a "reasonable likelihood that . . . false testimony could have affected the judgment of the jury" because the identification issue was a collateral matter and the evidence of his guilt was otherwise overwhelming.  *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (quoting *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc)).

2. Ellis claims that his Confrontation Clause rights were violated when the district court held inadmissible records from the Michigan Secretary of State that, in his view, would have proven that Sergeant Ruiz lied under oath.  We review de novo challenges to a district court's limitations on cross-examination based on the Confrontation Clause, *United States v. Singh*, 995 F.3d 1069, 1080 (9th Cir. 2021), but for plain error where, as here, a "defendant failed to object to the admission of evidence under the Confrontation Clause," *United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011) (quoting *United States v. Hagege*, 437 F.3d 943, 956 (9th Cir. 2006)).  We consider three factors when determining whether the right to cross-examination was violated: "(1) whether the excluded evidence was relevant; (2) whether other legitimate interests outweighed the defendant's interest in presenting the excluded evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness the defendant was attempting to cross-examine." *United States v. Cazares*, 788 F.3d

956, 983–84 (9th Cir. 2015).

First, the evidence that Ellis sought to introduce was irrelevant since it was incapable of establishing the falsity of Sergeant Ruiz's testimony. Second, interests in avoiding juror confusion and not wasting time outweighed Ellis's interest in presenting the evidence. Third, Ellis effectively pointed out inconsistencies between Sergeant Ruiz's testimony and other evidence on cross-examination and, therefore, the jury had sufficient information to assess Sergeant Ruiz's credibility.

**AFFIRMED.**[1]

---

[1] Ellis also argues that the police officers' search of his rental car resulted from an unconstitutionally prolonged traffic stop and was unsupported by probable cause. He pressed this claim in a post-trial motion that was untimely under Federal Rule of Criminal Procedure 12(b)(3)(C) and failed to make an argument for good cause, as required by Federal Rule of Criminal Procedure 12 (c)(3). Thus, we decline to review this claim.